ELLIS *et al. v.* O'NEAL, administratrix.

No. 8602. August 13, 1932. Rehearing denied September 27, 1932.

*Smith & Smith, George A. Pindar, Park & Strozier, E. W. Maynard,* and *B. J. Fowler,* for plaintiffs in error.

*Hall, Grice & Bloch,* contra.

Russell, C. J. Mrs. Gazalene M. Hardeman, as administratrix de bonis non cum testamento annexo of the estate of Mrs. Mary Gazalene Lamar Ellis, made application to probate the will of Mrs. Mary Gazalene Lamar Ellis in solemn form. Mrs. Ida Ethel Naylor, Hayne Ellis, and William Lee Ellis became caveators. The application was appealed from the court of ordinary to the superior court. Mrs. Hardeman, administratrix, having died, the ordinary of Bibb County, over objections, appointed in her place Miss Margaret Wise, who later became Mrs. Margaret Wise O'Neal. The caveators objected to the substitution of Mrs. O'Neal for Mrs.

Hardeman, on grounds as follows: "1. Because there is no law justifying the making of said Miss Wise a party as aforesaid. 2. Because the mere fact that Miss Wise has succeeded Mrs. Gazalene M. Hardeman as administratrix with the will annexed de bonis non of the estate of Mrs. Mary Gazalene Lamar Ellis under probate in common form does not entitle said Miss Wise to be made a party in lieu of said Mrs. Hardeman to a proceeding to probate the will of said Mrs. Ellis in solemn form. 3. Because upon the death of said Mrs. Hardeman the proceeding by her to probate in solemn form the will of said Mrs. Ellis abated." The court overruled the objections, and the caveators excepted and assigned error on that ruling. The grounds of caveat were: "1. The papers and writings propounded as the last will and testament of Mrs. Mary Gazalene Lamar Ellis were not signed, declared, or published as such by her as required by law. 2. The papers and writings propounded as the last will and testament of Mrs. Mary Gazalene Lamar Ellis were not signed, declared, or published as such by her in the presence of the persons whose names purport to be subscribed thereto as witnesses thereof. 3. On March 2, 1917, Mrs. Mary Gazalene Lamar Ellis did not have mental capacity sufficient to make a will."

The grounds of demurrer to the caveat were as follows: (1) The first ground of the caveat is insufficient in law, for that it does not set forth with proper specification wherein the propounded document, or the "papers and writings" were not signed, declared, and published by Mrs. Mary Gazalene Lamar Ellis, as required by law. Propounder is entitled to know wherein caveators assert that said signing, declaring, and publishing of said papers and writings failed to comply with the requirements of law. (2) There is no requirement of law that a testator publish his will in order to make it a valid will. (3) There is no law requiring a testator to declare the instrument which is executed to be his will. (4) It is not required that a testator declare, in the presence of the persons whose names purport to be subscribed thereto as witnesses, that the paper is his last will and testament. (5) It is not required that a testator publish, in the presence of the persons whose names purport to be subscribed thereto as witnesses, that the paper is his last will and testament. The court sustained the demurrer in so far as it related to the declaring and publishing of the will, and those parts of the caveat were stricken. To this ruling the caveators ex-

cepted and assigned error. After the introduction of evidence the judge directed a verdict in favor of the propounder, and afterward overruled a motion for a new trial, and the caveators excepted. In addition to the general grounds, the motion for new trial was predicated upon four special grounds, which will be referred to hereinafter.

The evidence in the case is extremely voluminous, and this must necessarily be reviewed and carefully considered in the determination of the merit of the fourth special ground of the motion for a new trial, which complains that the court erred in directing a verdict, because there were issues of fact which would have authorized a verdict different from that returned, and which raised issues of fact which should have been submitted to a jury for determination. After painstaking examination of the record and the law applicable thereto, we have reached the conclusion that the issue as to whether the contents of the paper which it was sought to have probated are in all respects the same as in the paper which was duly attested by the witnesses C. F. Holt, A. F. Holt, and Frank E. Taylor, is one which should have been submitted to a jury. The court therefore erred in withdrawing the case from the jury and solving the doubt which must arise from the numerous facts and circumstances bearing upon that point. An outstanding issue of fact is presented in this case. Are the papers propounded the same papers as were attested by the witnesses, or have the papers presented at the time the witnesses were called to attest them by the testatrix been so altered as to amount to a revocation of the will and cause an intestacy? The will is holographic, written with pen and ink. The fact that it was written on seven pages of different color, and with a different pen or different ink of seven different colors, would make no difference, provided the testator made and signed the will. The question in this case is, did the testatrix change the contents of the will by substituting different writing from that employed in the terms and bequests of the paper which was witnessed? If so, she revoked the will, though it was properly attested, and the substantial contents of the paper offered for probate, not being attested, are not sufficient to displace the distribution under the statutes of inheritance which are favored by our law. The evidence upon this important point is massive in proportion, and necessarily is circumstantial. The answer to the question is involved in

doubt from the start of the testimony; for neither of the two surviving witnesses had any knowledge of the contents of the paper to which they affixed their signatures, in company with Mr. C. C. Holt, who is now dead, and neither of these two witnesses was prepared to swear positively more than that they saw the testatrix sign her name upon the last page of a number of pages, and that the testatrix called these papers her will, and that the witnesses, all in the presence of the testatrix, signed at her request as witnesses. This evidence presents a case prima facie entitling the paper to probate.

But the caveat raises the question that the papers sought to be proved in solemn form are not the last will and testament of Mrs. Ellis. Parol evidence is admissible to show what papers constitute a will offered for probate, even though the attesting clause be executed in conformity to law. *Burge* v. *Hamilton, 72 Ga.* 568 1(*b*). In support of their contention that the will in this case had been altered by the testatrix after the execution of the instrument which was attested on March 2, 1917, by the three witnesses to whom we have referred, the caveators introduced (in addition to many facts and circumstances so numerous that their elaboration would unnecessarily prolong this opinion) testimony of six statements made by the testatrix subsequently to March 2, 1917, to the effect that she "was changing" or "had changed" her will, which would have authorized a jury to find either that the will had in fact been changed without notice or attestation and that the testament was thereby revoked, or that such doubt had been raised in their minds as to whether the papers propounded were in fact the same will as that witnessed that they would not be authorized to find that the will was the true will of the decedent, for the reason that the propounder had failed to carry the burden of proving that the paper propounded was the last will, because the prima facie case had been rebutted.

It is argued that these statements of the testatrix in regard to changing her will are mere hearsay and of no probative value. It may be that it was upon this theory that the learned trial judge directed a verdict in favor of the propounder. It has been held that parol evidence is admissible upon the issue of the identity of a will with the paper propounded, by statements of the testator either at the time of execution, before the execution, or after the execution.

*Burge* v. *Hamilton,* supra. Conversely it must be true that parol evidence is admissible to show by statements of the testator that the paper sought to be propounded is not the same as that which was attested by the witnesses. In *Rea* v. *Pursley,* 170 *Ga.* 788 (154 S. E. 325), this court held: "The cases specified in the Code in which hearsay evidence is admitted as exceptions to the general rule excluding hearsay testimony are not exhaustive of the cases in which hearsay evidence is admissible. Post-testamentary declarations of an alleged testatrix, to the effect that she wanted her entire estate to go to her husband, that she had never made a will and never would as long as she lived, and that there was no necessity of her making a will, as she had but one heir, who would take her estate, are admissible on the probate of an instrument offered as the will of such testatrix, by which she gave her estate to her brother and sisters to the exclusion of her husband, and to the probate of which a caveat was filed by the sole heir of the husband, who died shortly after his wife, upon the ground that the instrument offered for probate was not the will of the alleged testatrix, but was a forgery, upon which issue there was proper evidence pro and con. Such declarations, though they may not be admissible, when standing alone, to prove or disprove the genuineness of the instrument offered for probate, on which point we do not now express any opinion, are admissible in cases where the genuineness of the instrument has been assailed by other proper evidence, either to strengthen or weaken the assault." In delivering the opinion of the court in that case Mr. Justice Hines said: "We are confronted with the decision of this question: Were the post-testamentary declarations of an alleged testatrix, to the effect that she wanted her entire estate to go to her husband, that she had never made a will, and never would as long as she lived, and that there was no necessity of her making a will, as she had but one heir, who was her husband, and who would take her estate, admissible upon the probate of an instrument offered as the will of such testatrix, by which she gave her estate to her brother and sisters to the exclusion of her husband, and to the probate of which a caveat was filed by the sole heir of the husband, who died the same day, but shortly after the wife, upon the ground that the instrument offered for probate was not the will of the alleged testatrix, but was a forgery, upon which issue there was independent evidence both pro and con? Such post-testamentary declarations of the alleged testatrix

are undoubtedly hearsay evidence, which does not derive its value from the credit of the witnesses, but rests mainly on the veracity and competency of other persons. It is generally without probative value. . . This exclusion of hearsay evidence is the general rule; but there are exceptions to this rule. Our Code specifies a number of cases in which hearsay evidence is admitted," referring to §§ 5763, 5764, 5766, 5767, 5768, 5769, 5770, 5771, 5772, 5773, as exceptions expressly named where hearsay evidence is admissible and of probative value. Proceeding, Mr. Justice Hines said: "Is this specification of cases in which hearsay evidence is admissible exhaustive and exclusive of all other cases? We think not. In *Patterson* v. *Hickey,* 32 *Ga.* 156, this court held than when the question involved was revocavit vel non, parol evidence as to the acts and declarations of the testator, made at any time between the making of the will and the death of the testator, is admissible. In the case cited the will involved was written on one whole sheet of paper, and when it was offered for probate it was in two pieces, having the appearance of having been cut or torn. This instrument, after the death of the testator, was found in a bureau drawer, separate from the testator's other papers, and in a place where he did not usually deposit his papers for safe-keeping. The caveators offered to prove declarations of the testator that he intended that his children and grandchildren should share his property equally. They were offered for the purpose of showing that the will, which made a different disposition of the property, had been revoked. The ruling made in that case was approved and followed in *McIntyre* v. *McIntyre,* 120 *Ga.* 67, 72 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606). This court held that the admission of hearsay evidence was proper in a case other than those specified in our Code. In *Cobb* v. *Battle,* 34 *Ga.* 458, it was ruled that 'The declarations of a testator, before or after the execution of his will, are competent evidence to prove an attempt on his part to defeat the policy of the statutes forbidding the manumission of slaves.' In *Williams* v. *Nabers,* 14 *Ga.* 286, this court held that parol evidence of a testator's previous declarations is admissible when offered, not to explain, alter, or contradict a will, but simply to show, as presumptive evidence, the testamentary character, long-continued expressions of a purpose to dispose of his property in a particular way, and to rebut the presumption of undue influence. In that case this court said that if such evidence was

admissible for the above purpose, it was likewise admissible to assail such capacity or to afford presumption of undue influence. . . Now the weight and trend of the authorities are in favor of the admissibility of declarations of an alleged testator, both those made before and those made after the date of the purported will, on the issue of forgery of the will, where the issue is raised by other substantial evidence, and proof of the declarations is corroborative of other testimony." In support of this proposition, almost a page of authorities were cited. In *Patterson* v. *Hickey,* supra, this court held that revocavit vel non is similar to the question of devisavit vel non. In that case, and in *McIntyre* v. *McIntyre,* supra, this court held that where the issue is revocavit vel non, the declarations of the testator are admissible, though made between the making of the will and the death of the testator. In *Patterson* v. *Hickey* this court reversed the ruling repelling evidence offered by the caveators of alleged statements made by the testator after the execution of the will, and Lumpkin, J., delivering the opinion of the court, said: "*Revocavit vel non* is similar to the question of *devisavit vel non,* and is a question of fact for the consideration of a jury. Powell on Devises, 6, 34; 3 Wilson, 508. *Ad questiones facti respondent juratores.* Was the court right in excluding from the jury the declarations and acts of the testator, for the purpose of showing the *quo animo* with which the will propounded for probate was torn or cut in two. The will was kept by the testator after it was written; and found in the drawer of his secretary, torn or cut asunder. The presumption of the law is that the act of mutilation was done by the testator; and if done unintentionally by him, or by the fraud or accident of some other person, it is incumbent upon those claiming under the will to prove it. Those setting up title under a will must show affirmatively a valid existing will, uncanceled at the time of the testator's death. The instrument has no force or effect till the death of the testator. It is said to be ambulatory till the testator dies. Until then, the party making it has the power to cancel or revoke it. . . The question of revocation, I repeat, then, is one of evidence. Here the execution of the will is established. It is found, after the testator's death, but in an unusual place, and not where he was in the habit of keeping his valuable papers. It is produced for probate, cut or torn in two pieces. The law imputes the act to no other person than the testator. In the absence of

proof, does not the law presume that the testator destroyed it *animo revocandi?* And in such a case, *at least,* will not the *caveators* be permitted to introduce the *parol* declarations of the testator to confirm the legal presumption deducible from the facts themselves?"

In *McIntyre* v. *McIntyre,* supra, Chief Justice Simmons said: "As a general rule, the burden is on a person attacking a paper offered for probate as a will to sustain the grounds of his attack. But by express provision of our statute, where a will has been canceled or obliterated in a material part, a presumption of revocation arises, and the burden is on the propounder to show that no revocation was intended. Civil Code, § 3343 [3919]. See also *Howard* v. *Hunter,* 115 *Ga.* 358 [41 S. E. 638, 90 Am. St. R. 121]; Cutler *v.* Cutler (N. C.), 57 L. R. A. 209. How far the cancellation or obliteration must extend before this presumption will arise is not settled. See Malone's admr. *v.* Hobbs, 1 Rob. (40 Va.) 346 (39 Am. D. 263, 266). Where the paper is found among the testator's effects, there is also a presumption that he made the cancellations or obliterations. . . Where the issue is revocavit vel non, the declarations of the testator are, in this State, admissible, 'although made at any time between the making of the will and the death of the testator.' *Patterson* v. *Hickey,* 32 *Ga.* 156. The reply made by the propounder to this evidence is, that, while admissible, it is of slight evidentiary value, and counts for nothing when weighed against the other evidence that the testator did not intend a revocation; and that, properly construed, the declaration itself really shows that the testator regarded the paper as his will. We have been unable to take this view of the matter. The evidence is of an explicit declaration by the testator that the paper was not his will, but contained only memoranda for a will. The request to the son was to carry out the provisions of memoranda and not of a will. If not his will, it must have been revoked, for it was once a will. The preponderance of the evidence may have been to the effect that the testator did not intend a revocation, but it can not be said that there was no evidence to the contrary. We send the case back that it may be retried in accordance with the views herein expressed."

Under the principles stated, it is clear that statements of the testator, either before the execution of a purported will, at the time of execution, or after the execution of a paper, are admissible to aid in the determination of the fact whether the paper offered for

probate is really the writing which was attested by witnesses as required by law. Greater latitude is given to the admission of parol evidence on the issue of probate than on the construction of the will after probate. *Burge* v. *Hamilton,* supra.

■ In view of what we have already said, the statement of the fifth headnote needs no further elaboration.

■ The court did not err in the ruling upon demurrer so far as related to the publication of wills. It is not necessary for one who desires his will to be attested to call the attention of the witnesses to the fact that it is his will, or to give to the witnesses any information as to the contents of the paper which he desires to be witnessed, even though it be a will. *Slade* v. *Slade,* 155 *Ga.* 851 (2) (118 S. E. 645).

■ The burden is upon the propounder to prove that the paper offered for probate is the last will and testament of the alleged testator. In *McIntyre* v. *McIntyre,* supra, the question was then, as it is in the case now before us, one as to the revocation of a will; and it was held: "As a general rule, the burden is on a person attacking a paper offered for probate as a will to sustain the grounds of his attack," but that under the express provisions of the Code (1910, § 3919), if a will has been altered in a material way, as indicated by the evidence in behalf of caveators, a presumption of revocation arises, and the burden is on the propounder to show that no revocation was intended.

■ It is insisted in the brief of learned counsel for the defendant in error that perhaps one reason why the trial judge directed a verdict was because of the fact that the matter now at issue has become res adjudicata. Reliance is placed upon the petition of William Lee Ellis to set aside the judgment of the court of ordinary which admitted the will to probate in common form. The ordinary sustained a general demurrer and dismissed the petition to set aside the judgment. From this William Lee Ellis took an appeal to the superior court, and later voluntarily dismissed his appeal. These proceedings did not constitute res adjudicata in bar of the present action. Section 5016 of the Code forbids the withdrawal of an appeal without the consent of the adverse party. The effect of the dismissal was therefore nugatory; and in the absence of a judgment of the superior court formally dismissing the appeal, the case may still be pending. However, we are of the opinion that the effect of

the dismissal, if the case really was dismissed, would be to leave the judgment of the court of ordinary entirely unaffected by the proceeding. In this view, the judgment would be final on the issue as to whether the will had been proved in common form, but the later application by Mrs. Margaret Wise O'Neal was an application for probate of the will in solemn form, which is entirely different from a proceeding to probate in common form. Under the Code, § 4336, a judgment is a conclusive bar only where the issue is the same, and where the same parties are interested in the same way in the two cases. In the petition of William Lee Ellis to revoke the probate of the will in common form it was asserted in effect that there was no will, for he claimed he had title in all the property left by the testatrix, in virtue of virtual adoption. The court of ordinary no doubt properly sustained the demurrer which set up that Ellis could not caveat the will, because it was nowhere alleged in the petition that William Lee Ellis had any interest in the estate of Mrs. Mary Gazalene Lamar Ellis. Mrs. Naylor and Hayne Ellis were defendants in the proceeding to set aside the judgment of the court of ordinary, and their interests were adverse to those of William Lee Ellis. So all the parties in the proceeding are not the same parties as those in the preceding trial. In the petition to set aside the judgment Mrs. Naylor and Hayne Ellis were named as defendants, and were served as such. No pleading or anything done by either of them contrary to their position as defendants appears in the record. In the present proceeding they caveat probate of the will; and if the will is set aside, they will be entitled to their distributive share as two of the next of kin of Mrs. Ellis, and this will be greatly to their advantage. And likewise it was to their interest that the petition to revoke the judgment of the court of ordinary proving the will in common form was not sustained, which would have awarded the entire estate to William Lee Ellis and avoided any inheritable rights upon their part. The issue is not the same in effect in a proceeding to propound a will in common form as in a proceeding to probate in solemn form. Probate in common form is not conclusive, as is probate in solemn form, though probate in common form becomes conclusive after the lapse of seven years. We are of the opinion that the plea of res adjudicata, as relied upon in this case is not a bar to this action brought by the representative of the deceased to probate in solemn form the will of Mrs. Mary Gazalene Lamar Ellis.

The rulings in headnotes 9 to 12, inclusive, require no elaboration.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*