### S97A1972. McBRIDE v. JONES.
(494 SE2d 319)

THOMPSON, Justice.

Ms. Doney McBride died on April 30, 1996 at the age of 92. Stella C. Jones, a niece to the deceased and a beneficiary under her will, offered for probate in solemn form a duplicate, conformed copy of a last will and testament purportedly signed by Ms. McBride on March 11, 1982. The petitioner asserted that although the original will could not be located, it had not been destroyed or revoked during the lifetime of the testatrix. Henry McBride, administrator of Doney McBride's estate, filed a caveat to the probate.[1] After a bench trial, the probate court granted the petition. Caveator filed a direct appeal to this Court as permitted under OCGA § 15-9-123. The sole issue is whether the probate court properly allowed a duplicate copy of the will to be admitted to record and probated in solemn form.

The evidence established that the 1982 will had been executed with all formalities in the office of Delano Maurice, the attorney who prepared the instrument. Maurice testified at the probate hearing that the testatrix signed the will in his presence and in the presence of his secretary, who served as a second witness; both witnesses attested and subscribed to the will in the presence of the testatrix; and the testatrix appeared to be of sound mind. Maurice testified further that he delivered the original will to the testatrix and conformed a duplicate of the original as his file copy;[2] that copy remained in his possession until after the death of the testatrix; and it was that copy which was offered for probate. Although efforts had been made to locate the second subscribing witness, she could not be produced for the hearing in probate court.

Jones testified that she cared for the testatrix from 1980 until her death in 1996, providing transportation and assisting her with

---

[1] Henry McBride was taken into the McBride family as a young child and was given the family name. Although he was raised by the testatrix and her husband, the evidence was unclear as to whether he was a child of the testatrix and an heir at law. But that issue was not before the probate court and the court specifically declined to address it.

[2] The names of the testatrix and the witnesses were handwritten on the duplicate by Mr. Maurice, preceded by the symbol "s/" showing that their actual signatures appeared on the original.

her business affairs; that she accompanied the testatrix to attorney Maurice's office on March 11, 1982; and that the testatrix was in possession of the original will when they left the office together. Upon returning home, the testatrix declared to Jones that she wished her estate to be distributed as directed under the terms of the will, and Jones read the instrument to familiarize herself with its contents. Jones testified further that she saw the testatrix secure the original will away in her home, but that the original could not be located after her death. According to Jones, the testatrix always maintained that her estate was to be distributed as provided under the terms of the 1982 will, and she never stated that she had changed her testamentary plan or had destroyed or revoked the will.

1. If a will is lost during the lifetime of the testatrix, or subsequent to her death, "a copy of the will, clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate and record in lieu of the original." OCGA § 53-3-6 (a). Although the second attesting witness could not be located, the propounder clearly met her burden of proof through the testimony of attorney Maurice that the duplicate was a true copy of the original.

2. When a copy of a will is offered for probate, there exists a presumption that the will was revoked by the testatrix, and the burden is on the propounder of the will to rebut that presumption by clear and convincing proof. OCGA § 53-3-6 (b); *Horton v. Burch*, 267 Ga. 1, 4 (471 SE2d 879) (1996). Whether the presumption of revocation is overcome is determined by the trier of fact, and in reviewing the verdict, "the evidence must be accepted which is most favorable to the party in whose favor the verdict was rendered." *Hill v. Cochran*, 258 Ga. 473, 474 (1) (371 SE2d 94) (1988). The presumption of revocation may be rebutted by circumstantial as well as direct evidence, including declarations of the testatrix. *Saliba v. Saliba*, 202 Ga. 791 (44 SE2d 744) (1947).

The propounder established that the disposition made under the 1982 will reflected the wishes of the testatrix as to the distribution of her estate. During the 14 years following execution of the 1982 will, Jones continued to have daily contact with the testatrix, who never expressed a different intent. Other witnesses testified that the testatrix remained independent and of sound mind until her death, that she maintained a close relationship with Jones during that period of time, and that she often praised Jones for her faithful assistance. The probate court was authorized to find clear and convincing evidence sufficient to rebut the statutory presumption of revocation.

Once the presumption was rebutted, the burden shifted to the caveator to prove that the proffered will is not valid. See generally *Bryan v. Norton*, 245 Ga. 347 (2) (265 SE2d 282) (1980). The caveator testified that he had not lived with the testatrix since 1982 and had

no knowledge of the existence of a will. He offered no evidence to rebut Jones' testimony that the will was neither revoked nor destroyed by the testatrix. There is ample evidence to support the court's findings that the duplicate copy of the will offered for probate is in fact the last will and testament of Ms. Doney McBride.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*Charles W. Bell & Associates, Charles W. Bell,* for appellant.
*Simon, Booth, Cook & Cardillo, Robert P. Cook,* for appellee.