## S98A1007. SMITH v. SRINIVASA.
### (506 SE2d 111)

Hines, Justice.

This is an appeal from the judgment entered on a jury verdict in a will contest involving the application of former OCGA § 53-3-6. The statute provides that if a will is lost during the testator's lifetime, destroyed without the consent of the testator during the testator's lifetime, or lost or destroyed subsequent to the death of the testator, a copy of the will, clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate in lieu of the original. In such cases, the presumption is that the will was revoked by the testator, but the presumption may be rebutted by clear and convincing proof.[1] For the reasons which follow, we affirm.

Evelyn Smith and her husband executed a joint will in 1979. After Mr. Smith's death, the 1979 will was admitted to probate to settle his estate. Ms. Smith executed another will in 1989. She died in 1995, and the original of the 1989 will was not found. Ms. Smith's brother and sons petitioned the probate court for letters of administration. Thereafter, Ms. Smith's former son-in-law, Srinivasa, petitioned to probate the 1989 will, offering a conformed copy.[2] Ms. Smith's brother and sons (Smith) then offered the 1979 will for probate, and Srinivasa filed a caveat. A major distinction between the 1989 will and the 1979 will concerns the disposition of three rental properties acquired by Srinivasa and his former wife, Ms. Smith's daughter Teresa, in 1987, 1988, and 1989, but titled in Ms. Smith's

---

[1] OCGA § 53-4-46 in the revised probate code, effective January 1, 1998, provides:
 A presumption of intent to revoke arises if a testator's will cannot be found to probate; which presumption may be overcome by a preponderance of the evidence and provided further a copy of said will may be probated if the evidence shows that a lost will was not intended to be revoked.
[2] The handwritten signature of the testatrix is replaced by the notation "/s/." The signature lines for the witnesses and the notary public bear the same notation followed by their first names.

name. The 1989 will devises the three rental properties to Ms. Smith's daughter and to Srinivasa.[3]

The case went to superior court for a de novo trial. During the two-day trial, the conformed copy of the 1989 will was admitted into evidence. The jury returned a verdict for Srinivasa, finding that the 1989 will was the last will and testament of Ms. Smith.

1. Smith fails in the contention that because the copy of the 1989 will does not bear signatures of either the testatrix or the witnesses it is not the sort contemplated by OCGA § 53-3-6. The statute does not discriminate about the types of copies that may be made. "Nor is any distinction drawn among copies that are unsigned, signed only by the testator, or fully executed with the same formality as an original will . . . all copies of an 'original' will occupy the same legal status notwithstanding the manner in which the copy was executed or reproduced." *Horton v. Burch*, 267 Ga. 1, 2 (471 SE2d 879) (1996).

Moreover, the attorney who prepared and witnessed the will testified that the copy introduced into evidence was the same as the executed original. He explained that in 1989 it was his standard office procedure to have the testator sign the original will and then to conform copies. The other subscribing witness to the 1989 will, the attorney's secretary, testified that the copy was consistent with office procedure. Another secretary in the office who was the notary public on the will testified that she conformed the copies, and that she would not have done so unless the testatrix and the subscribing witnesses had signed the will.

Consequently, the trial court did not err in admitting the conformed copy into evidence and in overruling Smith's motion for a directed verdict on the ground that Srinivasa did not produce the original or a valid copy of the 1989 will.

2. Smith also contends that the statutory presumption that the 1989 will was revoked was not overcome by clear and convincing evidence. But the contention is meritless. "Whether the presumption of revocation is overcome is determined by the trier of fact, and in reviewing the verdict, 'the evidence must be accepted which is most favorable to the party in whose favor the verdict was rendered.' [Cit.] The presumption of revocation may be rebutted by circumstantial as well as direct evidence, including declarations of the testatrix. [Cit.]" *McBride v. Jones*, 268 Ga. 869, 870 (2) (494 SE2d 319) (1998).

The evidence construed in favor of the verdict established that the acquired rental property was titled in Ms. Smith's name because of tax problems Srinivasa and his wife were having. Ms. Smith was

---

[3] The Srinivasas' subsequent final judgment and decree of divorce provided that Mr. Srinivasa would receive permanent ownership and possession of the properties.

Srinivasa's mother-in-law for 19 years and she also worked for Srinivasa for many years, up until her death. She served essentially as a property manager for the three rental properties; Srinivasa paid the expenses on the properties. Ms. Smith had a good relationship with Srinivasa, even after his divorce from her daughter. Srinivasa had conversations with Ms. Smith in which she told him that she had taken care of the three pieces of rental property in her will.

The attorney who drafted the 1989 will specifically remembered doing so because of Ms. Smith's desire "to assure that property that was in her name was going back to where it belonged if she died." The attorney continued to have contact with Ms. Smith until shortly before her death, and Ms. Smith never mentioned changing or revoking the 1989 will he had prepared for her.

Just a month before her death, Ms. Smith affirmed to her daughter, to whom she was very close, that she intended the rental properties to be devised to Srinivasa. Ms. Smith never indicated to her daughter any intent to revoke the 1989 will or any change in her desired disposition of the rental properties.

The jury was authorized to find clear and convincing evidence that the statutory presumption of revocation was rebutted. Id. at 870 (2). Accordingly, it was not error for the trial court to refuse to grant Smith's motion for a directed verdict based on insufficiency of the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Donald R. Donovan,* for appellant.
*Vinson, Talley, Richardson & Cable, William T. Cable, Jr.,* for appellee.