## S00A1631. HEARD v. LOVETT.
### (538 SE2d 434)

CARLEY, Justice.

After James Lovett (Decedent) died, the probate court appointed his brother Samuel Lovett (Caveator) as the administrator of the estate. Some months later, Richard Heard (Propounder) filed a petition to probate in solemn form the alleged last will and testament of Decedent. Caveator filed a caveat, asserting that the testator's signature on the will was a forgery. After a bench trial, the probate court found in favor of the Caveator and denied probate. Propounder appeals from that judgment.

1. Citing *Mobley v. Lyon*, 134 Ga. 125 (67 SE 668) (1910), the probate court required that Caveator only rebut Propounder's prima facie case, rather than disprove it affirmatively. Propounder contends that, by so doing, the probate court placed erroneous evidentiary burdens upon him and Caveator.

"Burden of proof" can relate to either of two separate and distinct evidentiary concepts. *Mobley v. Lyon*, supra at 128 (1). It is sometimes used

"as indicating the burden of establishing the case as a whole, and sometimes as indicating the burden of the evidence during the progress of the trial, or that certain evidence will make out a prima facie case or will serve prima facie to establish a given fact, if not rebutted. . . ."

*McKemie v. McKemie*, 76 Ga. App. 212, 214 (45 SE2d 456) (1947). The former refers to the non-shifting burden of persuasion established by the pleadings, whereas the latter refers to the shifting burden of producing some evidence from which the trier of fact can infer the fact alleged. OCGA §§ 24-4-1, 24-4-2; *Hawkins v. Davie*, 136 Ga. 550, 552 (1) (71 SE 873) (1911).

Because he offered the will for probate, Propounder assumed the non-shifting burden of persuasion as to the validity of that document, including the requirement of showing by a preponderance of the evidence that the signature was that of Decedent. OCGA § 53-5-21 (a). "If in a trial the question is whether a certain person signed a certain instrument or not, the party who asserts that it was so signed and to whose case this is essential carries the burden of proving it." *Mobley v. Lyon*, supra at 130 (1). Since the validity of the testator's signature was a necessary element of Propounder's case, the burden of persuasion in that regard remained on him and did not shift to Caveator to prove affirmatively that the signature was a forgery. Compare *Jones v. Cannady*, 78 Ga. App. 453, 461 (4) (51 SE2d 551) (1949) (caveator has burden of persuasion as to affirmative defense). Caveator was

required only to come forward with evidence to rebut Propounder's prima facie case that the signature was genuine. *Mobley v. Lyon,* supra at 129 (1).

Thus, the probate court imposed the correct evidentiary burdens upon the parties in this case. The relevant appellate inquiry is whether the probate court was authorized to conclude that Caveator met his burden of coming forward with rebuttal evidence to counter Propounder's prima facie showing of the genuineness of the testator's signature. In that regard, this Court considers only the sufficiency of the evidence. See *Smith v. Srinivasa,* 269 Ga. 736, 737 (2) (506 SE2d 111) (1998); *Williams v. Swint,* 239 Ga. 66 (1) (235 SE2d 489) (1977). A review of the record shows testimony from both lay and expert witnesses to the effect that the signature on the instrument was a forgery. See *Willis v. Bozeman,* 224 Ga. 729, 730 (1) (164 SE2d 841) (1968). The probate court was authorized to believe this testimony and, based thereon, to find that the proffered will was a forgery. See generally *Baumbach v. Dickens,* 213 Ga. 745 (2) (101 SE2d 702) (1958). Thus, as against a general grounds objection, the evidence was sufficient to support the probate court's judgment.

2. However, Propounder also enumerates error in some of the probate court's evidentiary rulings. Propounder called certain of the beneficiaries under the proffered will, who testified to statements made to them by Decedent concerning the disposition of his property. The probate court refused to consider this evidence, however, on the ground that it was inadmissible hearsay.

"Hearsay evidence is admitted only in specified cases from necessity." OCGA § 24-3-1 (b). The Code sets forth a number of those instances in which hearsay evidence is admissible. OCGA § 24-3-2 et seq. The testimony excluded here does not come within any of those specifically enumerated exceptions, but that list is not exhaustive and exclusive of all other cases wherein hearsay is admissible. *Rea v. Pursley,* 170 Ga. 788, 793 (1) (154 SE 325) (1930). Therefore, we need to decide whether the statements attributed to the Decedent fall within an additional hearsay exception which is not specifically set forth in the Code.

"Greater latitude is given to the admission of parol evidence on the issue of probate than on the construction of the will after probate. [Cit.]" *Ellis v. O'Neal,* 175 Ga. 652, 661 (4) (165 SE 751) (1932). Thus, this Court has held that, in probate proceedings, the testator's declarations "are admissible in all cases where the genuineness of the instrument has been assailed by other proper evidence either to strengthen or weaken the assault." *Rea v. Pursley,* supra at 797 (1). This is consistent with the weight of authority favoring

the admissibility of declarations of an alleged testator, both

those made before and those made after the date of the purported will, on the issue of forgery of the will, where the issue is raised by other substantial evidence, and proof of the declarations is corroborative of other testimony. [Cits.]

*Rea v. Pursley*, supra at 796 (1).

Here, the Propounder presented the witnesses to the purported will who testified as to the genuineness of Decedent's signature, and their testimony constituted substantial evidence in support of granting the petition to probate. See OCGA § 53-5-21 (a). The excluded testimony of the beneficiaries was corroborative of this evidence. The probate court refused to admit the evidence because of a perceived lack of any indicia of reliability in the statements attributed to the Decedent. However, "the fact that more than one witness reported having heard [the testator's statements] was a circumstance tending to establish their trustworthiness." *Turner v. Mikell*, 195 Ga. App. 766, 767 (1) (395 SE2d 20) (1990). The probate court erred in failing to admit the testimony and to give it whatever credit it deemed to be appropriate. The error was not harmless, as the excluded testimony corroborated the witnesses to the Decedent's execution of the will and, if considered by the probate court, might well result in a finding that Propounder carried his burden of persuasion. See *Obear v. Gray*, 73 Ga. 455, 458 (2) (1884). The preponderance of the evidence may have been to the effect that the will was a forgery, "but it can not be said that there was no evidence to the contrary. We send the case back that it may be retried in accordance with the views herein expressed." *McIntyre v. McIntyre*, 120 Ga. 67, 73 (8) (47 SE 501) (1904).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 6, 2000.

*Stanley M. Lefco*, for appellant.
*Arrington & Hollowell, Stanley E. Foster*, for appellee.