S08A1087. DYESS et al. v. BREWTON et al.
(669 SE2d 145)

BENHAM, Justice.

Elmer Carlyle Brewton died on January 1, 2006. He did not have a wife or children, but his heirs at law are appellants and appellees who are his surviving siblings and/or the lineal descendants of siblings who predeceased him. Brewton executed a will on March 15, 2000. He executed another will on May 10, 2000 in which appellees were named executors. Twenty months later, he executed a codicil in which he referred to the March will by its date of execution and the names of its witnesses. After Brewton's death, one of the appellees retrieved the original May will and original codicil from Brewton's safe deposit box. Both documents were in a single sealed envelope labeled with its contents.[1] One of the appellees also located the original March will in a file cabinet in Brewton's home office. Appellees took the March will and the sealed envelope containing the May will and the codicil to Brewton's attorney who reviewed all three documents, advised appellees that the March will was not needed, and shredded the March will. Appellees filed a petition to probate the May will along with the codicil and appellants filed a caveat, as well as a motion to dismiss the appellees' probate petition. The probate court held that the May will and codicil together constituted Brewton's last will and testament.[2]

Appellants then filed an appeal in the superior court. Appellees moved for summary judgment, submitting as evidence an affidavit from Brewton's attorney stating the reference to the March will in

---

[1] The envelope was marked with the attorney's masthead and contained the following type-written words:

Original Last Will and Testament of: Elmer Carlyle Brewton dated May 10, 2000
Original First Codicil to Last Will and Testament of Elmer Carlyle Brewton dated January 24, 2002

[2] The probate court refrained from any reformation of the codicil, acknowledging that any such reformation was a matter of equity reserved for the superior courts. See *Moody v. Mendenhall*, 238 Ga. 689 (3) (234 SE2d 905) (1997) (jurisdiction over equity cases lies with the superior courts).

the codicil was a scrivener's error. The superior court granted appellees' motion for summary judgment, and appellants appealed.

1. The parties agree that the March will was expressly revoked when the May will was executed; however, they disagree as to the effect the codicil had on the March and May wills. Specifically, appellees did not submit a petition to probate the March will, but sought and obtained letters testamentary upon petitioning for the solemn form probate of the May will and codicil. Appellants assert this result was erroneous because they contend the codicil republished the March will and revoked the May will, making the May will a nullity. Also believing the language of the codicil to be unambiguous in its reference to the March will, appellants further contend that it was erroneous for the superior court to allow the introduction of parol evidence, in particular parol evidence which established that the codicil's reference to the March will was a scrivener's error made by Brewton's attorney. We disagree.

In Georgia jurisprudence, a previously revoked will may be republished by codicil (OCGA § 53-4-50; *Harwell v. Lively*, 30 Ga. 315 (1860)), and the republished will is deemed to have been executed at the time of republication. *Citizens & Southern Nat. Bank v. Martin*, 244 Ga. 522 (1) (260 SE2d 901) (1979); Radford, Vol. I Redfearn's Wills and Administration, § 5-22 (6th ed.). The unique circumstances surrounding the codicil in this case, however, make it unclear whether Brewton executed the codicil with the intent to republish the March will or executed the codicil with the intent to amend the May will. While the codicil expressly referenced the March will by noting its date and identifying its witnesses (see *Honeycutt v. Honeycutt*, 284 Ga. 42, 45 (3) (663 SE2d 232) (2008)), the codicil was annexed to the May will. "[I]f there are several wills of different dates, and there be a question to which of them the codicil is to be taken as a codicil, the circumstance of annexation is most powerful to show that (it) was intended as a codicil to the will to which it is annexed, and to no other. . . ." *Burge v. Hamilton*, 72 Ga. 568, 611-612 (1884). Thus, the circumstances arising from how the codicil was executed and annexed created an ambiguity, the resolution of which authorized the trial court to allow the use of parol evidence. Id. at 604-608.

2. Parol evidence is admissible to show what writings constitute a will offered for probate. *Ellis v. O'Neal*, 175 Ga. 652 (2) (165 SE 751) (1932). In fact, " '[g]reater latitude is given to the admission of parol evidence on the issue of probate than on the construction of the will after probate.' " *Heard v. Lovett*, 273 Ga. 111 (2) (538 SE2d 434) (2000). Parol evidence may be submitted to show the circumstances

surrounding the testator at the time the instrument was executed. *Candies v. Hulsey*, 277 Ga. 630 (1) (593 SE2d 353) (2004).

The issue in this case was probate, or, more specifically, whether Brewton intended for his last will and testament to consist of the codicil and the March will or the codicil and the May will. Parol evidence was proper to explain the ambiguity created by the codicil's reference to the March will and the codicil's annexation to the May will. *Burge v. Hamilton*, supra, 72 Ga. at 604-605. Therefore, both parties were entitled to submit parol evidence, including hearsay testimony regarding testator's declarations, to show Brewton's intent, including any intent to revoke the May will or resurrect/republish the March will.[3] See *Heard v. Lovett*, supra, 273 Ga. at 112 (probate court erred in failing to allow evidence of testator's statements made to beneficiaries in response to allegation that the will was forged); *Ellis v. O'Neal*, supra, 175 Ga. at 652 (testimony from witnesses regarding testatrix's declarations is permitted, including on the issue of revocavit vel non). Thus, the superior court did not err in considering such evidence on summary judgment.

3. In its order, the superior court noted, "[appellants] presented no affidavits or evidence which contradict the affidavits filed by [appellees] in support of their Motion for Summary Judgment." Because of this observation made by the trial court, appellants maintain the trial court erroneously granted summary judgment "by default." This allegation is without merit.

OCGA § 9-11-56 (e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Summary judgment requires the nonmovant to come forward with evidence that shows a genuine issue of fact exists. Merely relying on the pleadings is insufficient to defeat summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (if the movant

---

[3] The reasons or motivations for counsel's destruction of the March will after the testator's death are inapposite and do not create an issue of fact because the intent of the testator is the only matter at issue.

comes forward with evidence, "the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue"), accord *Latson v. Boaz*, 278 Ga. 113-114 (598 SE2d 485) (2004). Here, appellants relied only upon the codicil's reference to the March will and brought forward no evidence of Brewton's intent during the relevant time period and failed to refute the evidence proffered by appellees that Brewton intended for the codicil to refer to the May will. "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial." *Lau's Corp.*, supra at 491. Thus, there was no error in the superior court's grant of summary judgment to appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008.

*Callaway, Neville & Brinson, William J. Neville, Jr.*, for appellants.

*Nelson, Gillis & Smith, James F. Nelson, Jr., Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellees.