## S11A1951. MASON v. PHILLIPS.
### (722 SE2d 49)

HUNSTEIN, Chief Justice.

William J. Mason appeals the probate court's order denying his petition to probate the will of Frances E. Hobbs. The issues on appeal are whether the petitioner proved that the will was properly executed or that the signature to the will was in Mrs. Hobbs's handwriting. Because the trial court did not err in concluding that the petitioner failed to prove that the document is the will of Frances E. Hobbs, we affirm.

The proffered will was dated August 17, 1974; was not self-proved; and had three subscribing witnesses. Frances's husband, executor, and sole beneficiary, Walter C. Hobbs, made no attempt to probate the will following his wife's death in 1989. Her will was discovered after Walter's death in 2005, and his executor filed the petition to probate the will in solemn form. Wallis J. Phillips, Frances's daughter and Walter's stepdaughter, filed a caveat averring that the will was not properly executed and witnessed. Following a hearing, the probate court denied the executor's petition to probate the will. The court found that the executor failed to meet the requirements to produce the testimony of all subscribing witnesses and the one subscribing witness's testimony did not prove proper execution and attestation of the will. Alternatively, the court con-

cluded that the executor failed to prove through the testimony of two credible disinterested witnesses that the signature to the will was in the handwriting of Frances Hobbs.

1. To probate a will in solemn form under the pre-1998 Probate Code, the petitioner may prove the will "by all witnesses in life and within the jurisdiction of the court, or by proof of their signatures and that of the testator if the witnesses are dead, blind, incompetent, or inaccessible." OCGA § 53-3-13 (a) (1997) (current version at OCGA § 53-5-21 (2011)). When a witness is not produced, the petitioner must account for his absence and may produce another witness competent to testify that he knows or would recognize the handwriting of the subscribing witness. *Brown v. McBride*, 129 Ga. 92 (1) (58 SE 702) (1907).

Of the three subscribing witnesses to the 1974 will, the petitioner presented evidence that one was dead and a second could not be located, but no evidence was presented to prove their signatures as required when witnesses are unavailable. The third subscribing witness testified that he had seen Frances Hobbs a couple of times, did not remember witnessing the will, and did not think the signature on the will was his. Based on these facts, the trial court correctly concluded that the executor failed to meet the statutory procedure for proving the will by the subscribing witnesses.

2. When one or more subscribing witnesses are dead or otherwise unavailable, a will may be proved based on the testimony of at least "two credible disinterested witnesses that the signature to the will is in the handwriting of the person whose will it purports to be, or upon other sufficient proof of such handwriting." OCGA § 53-3-18 (1997) (current version at OCGA § 53-5-24 (2011)); see *Harvey v. Sullivan*, 272 Ga. 392 (2) (529 SE2d 889) (2000). The trial court has the discretion of requiring the testimony of any available subscribing witness or proof of the pertinent facts necessary to admit the will in probate. OCGA § 53-3-18. The petitioner has the burden of showing by a preponderance of the evidence that the signature was the decedent's. *Heard v. Lovett*, 273 Ga. 111 (1) (538 SE2d 434) (2000).

The trial court found that the testimony of the two witnesses was insufficient to establish that the signature to the will was in the decedent's handwriting. One witness testified that she saw the signature on a medical claim form nine years after the will was made and to the best of her recollection the signature on the will was that of Frances E. Hobbs, and a second witness testified that the first letter in the signature did not look like the distinctive "F" she remembered. The subscribing witness presented no testimony about the signature. We conclude that the trial court did not err in ruling that the petitioner failed to prove by a preponderance of the evidence that the signature to the will was in the decedent's handwriting.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 23, 2012.

William J. Mason, *pro se.*
Andrew C. Dodgen, Philip J. Johnson, for appellee.