# FIFTH DIVISION
# MCFADDEN, C. J.,
# MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 11, 2020**

# In the Court of Appeals of Georgia

A19A2013. BROWN v. ASSURANCE AMERICAN INSURANCE
   COMPANY.

MCFADDEN, Chief Judge.

This appeal from a grant of summary judgment concerns whether an automobile liability insurance policy issued by Assurance American Insurance Company to Anthony Brown, the husband of appellant Emoni Brown, included uninsured motorist (UM) coverage on the day of a collision in which Emoni Brown was injured. "[U]ninsured motorist coverage must appear in every automobile liability policy unless rejected by the insured named in the policy." *Jones v. Federated Mut. Auto. Ins. Co.*, 346 Ga. App. 237, 239 (1) (816 SE2d 105) (2018) (citation and punctuation omitted); see OCGA § 33-7-11 (a) (1) & (3). The parties here agree that the policy went into effect on February 23, 2017 and that the collision occurred on

March 31, 2017. They also agree that Anthony Brown rejected UM coverage in writing. But they disagree about *when* that rejection of UM coverage became effective — on February 23, 2017, the date the policy went into effect, or on May 23, 2017, the date Anthony Brown handwrote next to his signature at the bottom of his insurance application.

As detailed below, the trial court did not err in concluding that the handwritten date on the insurance application was a scrivener's error, that the policy did not include UM coverage at the time of the accident and, therefore, that Assurance was entitled to summary judgment. So we affirm.

1. *Facts.*

Viewed in the light most favorable to nonmovant Emoni Brown, see *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010), the evidence shows that on February 23, 2017, Anthony Brown applied for and was issued an automobile liability insurance policy from Assurance. His application is comprised of two pages.[1] The first page of the application, among other things, sets out the effective date of the

_____

[1] Although Emoni Brown argues in her brief that these two pages were separate documents, she points to no evidence in the record supporting that argument. "Factual assertions contained in a party's brief are not evidence unless supported by the record." *Mays v. Ed Voyles Chrysler-Plymouth*, 255 Ga. App. 357, 359 (2) (565 SE2d 515) (2002).

policy and lists the types of coverage Anthony Brown is requesting: bodily injury and property damage. The second page of the application contains Anthony Brown's handwritten signature in three places: an undated signature rejecting medical payments coverage, an undated signature rejecting UM coverage, and a handwritten, dated signature near the bottom of the application following a box titled "Applicant's Statement," in which Anthony Brown attests to the information contained in the application Beneath Anthony Brown's dated signature there is an "Agent's Statement" certifying the information contained in the application and certifying that the coverage options, including UM coverage, were fully explained to Anthony Brown. Beneath the "Agent's Statement" is an insurance agent's electronic signature and a typewritten date.

The various dates and times on the application are not identical. The application shows that the policy would become effective on February 23, 2017 at 3:03 p.m. The typewritten date next to the insurance agent's electronic signature beneath the "Agent's Statement" reads "2/23/2017" at 3:04 p.m. But the handwritten date next to Anthony Brown's signature beneath the "Applicant's Statement" reads "5/23/2017" at 3:08.

3

In the application, Anthony Brown represented that he was not married, but on March 27, 2017, he signed a document stating that he was married to Emoni Brown. In that document, he elected to exclude Emoni Brown as a driver covered under the policy.[2] Assurance issued an amended declarations page on March 27, 2017, excluding Emoni Brown as a driver and listing the "Current Coverages" as "Bodily Injury Liability -Excl Punitive" and "Property Damage Liability."

The collision that injured Emoni Brown occurred on March 31, 2017.

2. *Analysis.*

Emoni Brown argues that the discrepancy in the dates on the insurance application precludes summary judgment to Assurance because it creates an ambiguity regarding the effective date of Anthony Brown's written rejection of UM coverage. But "[e]ven ambiguous contracts are to be construed by the court unless an ambiguity remains after application of applicable rules of construction. . . . One of those rules is that a scrivener's error should not be permitted to defeat the clear intention of the parties, as otherwise evidenced by the entirety of the contract." *Benedict v. Snead*, 271 Ga. 585, 586 (519 SE2d 905) (1999) (citation and punctuation

---

[2] Assurance does not argue on appeal that this election entitled it to summary judgment.

omitted). An insurance contract "is to be strictly construed against the insurer and in favor of the insured." *MAG Mut. Ins. Co. v. Gatewood*, 186 Ga. App. 169, 173 (1) (367 SE2d 63) (1988) (citation omitted). While this means that "[w]here . . . a provision is susceptible of two or more interpretations, the court will construe it most favorably to the insured[,]" id. (citation and punctuation omitted), this principle is limited to *reasonable* interpretations. See *State Farm Mut. Auto. Ins. Co. v. Staton*, 286 Ga. 23, 25 (685 SE2d 263) (2009).

The insurance contract in this case includes not only the policy but also the application and the declarations page, because the terms of the policy expressly incorporate them into its terms. See OCGA § 33-24-16; *West v. Rudd*, 242 Ga. 393, 395 (249 SE2d 76) (1978). The only reasonable interpretation of these documents, taken together, is that the numeral "5" in the handwritten date "5/23/2017" on the application was a scrivener's error. The handwritten date is plainly associated with Anthony Brown's signature directly beneath the "Applicant's Statement," which pertains to the overall application. In the "Applicant's Statement," Anthony Brown states that he "hereby appl[ies] to the company for a policy of insurance" and attests to the correctness of the information provided in the application. The other dates on the application, including the policy's effective date, indicate that Anthony Brown

completed the application on February 23, 2017. And the policy states that coverage is issued and the premium determined based on the information in the application, indicating that an application is a precursor to the issuance of insurance. Emoni Brown's lawsuit depends on a policy having been issued before May 23, 2017, and she does not contest that Anthony Brown applied for insurance on February 23, 2017.

Instead, Emoni Brown offers an unreasonable interpretation of the handwritten date: that it does not refer to the date Anthony Brown applied for insurance but refers to the date the parties intended his written rejection of UM coverage to go into effect. As explained above, this interpretation does not fit with the language and format of the application. Moreover, it conflicts with the descriptions of coverage in the application and the amended declarations page. Both the application and the March 27, 2017 amended declarations page list only bodily injury and property damage as the policy coverages. Those statements are inconsistent with Emoni Brown's assertion that the policy included UM coverage between February 23 and May 23, 2017.

In the face of this evidence of a scrivener's error, Emoni Brown has pointed to nothing beyond the date on the application. She has "brought forward no evidence of [Anthony Brown's] intent [when he dated the application] and failed to refute the

6

evidence proffered by [Assurance] that [the parties] intended for [the date of Anthony Brown's signature on the application to be the date he applied for and was issued insurance, February 23, 2017]." *Dyess v. Brewton*, 284 Ga. 583, 586 (3) (669 SE2d 145) (2008). See generally *Cowart*, 287 Ga. 623 (1) (a) (where defendant is moving party on summary judgment and shows an absence of evidence supporting an essential element of plaintiff's claim, plaintiff "must point to specific evidence giving rise to a triable issue" to avoid summary judgment) (citations and punctuation omitted).

Because Assurance has pointed to evidence that Anthony Brown's handwritten date in the application contained a scrivener's error and Emoni Brown has offered no evidence in response, the trial court properly granted summary judgment to Assurance. See *Dyess*, 284 Ga. at 586 (3).

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.