## A89A1537. SMITHSON v. HARRY NORMAN, INC.
### (386 SE2d 546)

SOGNIER, Judge.

Harry Norman, Inc. d/b/a Harry Norman Realtors brought suit for commissions against Susan Smithson a/k/a Susan Cavell. No defensive pleadings pursuant to OCGA § 9-11-12 (a) or OCGA § 9-11-55 (a) were filed within the applicable time periods, but a motion to open default was filed prior to entry of final judgment with an allegation of excusable neglect. See OCGA § 9-11-55 (b). The trial court denied the motion and default judgment was entered. Smithson appeals.

1. Appellee moves to dismiss this appeal on the basis that appellant failed to attack the judgment by one of the methods provided in OCGA § 9-11-60. It is well established that prior to entry of final judgment in a default situation, the proper motion by the defaulting party is a motion to open default pursuant to OCGA § 9-11-55 (b); once final judgment is entered, the provisions of OCGA § 9-11-55 (b) are inapplicable and the case must proceed under OCGA § 9-11-60. See *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583) (1983). Since appellant acted prior to entry of final judgment, her motion to open default under OCGA § 9-11-55 (b) was proper and no motion pursuant to OCGA § 9-11-60 was necessary or appropriate. A default judgment being a final and appealable judgment, see *Shannon Co. v. Heneveld*, 135 Ga. App. 252 (1) (217 SE2d 424) (1975), rev'd on other grounds, 235 Ga. 635 (221 SE2d 200), and appellant's appeal being otherwise timely, see generally *Hiscock v. Hiscock*, 227 Ga. 329, 330 (1) (180 SE2d 730) (1971), appellee's motion to dismiss is denied.

2. Appellant's primary argument on appeal, as opposed to her argument before the trial court on motion to open default, centers on her contention that the judgment below was void because the service of process on her was insufficient under OCGA § 9-11-4 (d) (7). However, we need not consider the merits of this argument because the record reveals that in her motion to open default, appellant pled a meritorious defense, stated her failure to file defensive pleadings was due to excusable neglect, averred that all accrued costs had been paid, and declared herself ready to proceed with the trial of the issues, and then thereafter in her answer, she admitted that she could be served at the address in the complaint and did not raise any objection to the service of process. It thus affirmatively appears of record that appellant has waived her defense of lack of personal jurisdiction. OCGA § 9-11-12 (h); see *Hornsby v. Hancock*, 165 Ga. App. 543 (301 SE2d 900) (1983); compare *Daniel v. Leibolt*, 178 Ga. App. 186, 190 (342 SE2d 334) (1986).

3. In regard to appellant's contention that the trial court erred by denying her motion to open default because she presented a case

demonstrating excusable neglect, the record contains the sheriff's entry of service which reflects that appellant was served notoriously at the address set forth in the complaint by leaving a copy of the action and summons with one Mr. McIntosh, whose height, weight, and age (45 years old) were detailed. In her motion to open default and affidavit attached thereto, appellant stated that while she was away from her home for medical reasons, she had arranged for a former employee, Andrew McIntosh, to stay at the home in order to care for the residence. Appellant does not controvert that McIntosh received the complaint and summons at her home on September 1, 1988, as indicated in the entry of service, but asserted he did not tell appellant about it when she returned home September 11, 1988. No explanation was proffered why the adult selected by appellant to handle matters arising during her hospital stay failed to act responsibly in regard to the service of process, either by informing her verbally of the sheriff's delivery or by leaving the documents delivered by the sheriff in a place where appellant would readily discover them upon her return. Appellant stated she first learned of the suit on or around December 1, 1988, when she found the copy of service on the floor in her guest house.

"The general rule seems to be that ' "Excusable neglect" does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer.' [Cits.] It has been defined as 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' [Cit.] It 'implies . . . reasonable . . . or excusable neglect as to . . . some fact, or something that has or has not been done, of which the complaining party ought to have knowledge, and which, if he had had such knowledge, might have prevented' the default. [Cit.]" *First Nat. Ins. Co. v. Thain*, 107 Ga. App. 100, 103 (129 SE2d 381) (1962). "Excusable neglect can be determined not by any fixed rule, but rather by the circumstances of each individual case. [Cit.] This determination is within the sound discretion of the trial court, and will not be disturbed by the appellate court absent abuse of discretion. [Cit.] We find no abuse of discretion here." *Dever v. Lee*, 188 Ga. App. 483, 485 (2) (373 SE2d 224) (1988). See also *Gowdey v. REM Assoc.*, 176 Ga. App. 83, 84-85 (3) (335 SE2d 309) (1985).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 11, 1989.

Hurt, Richardson, Garner, Todd & Cadenhead, James T. White, James D. Comerford, for appellant.

McCalla, Raymer, Padrick, Cobb & Nichols, Carol V. Clark, Terese L. Perrotta, for appellee.