A98A1524. SUNTRUST BANK, SOUTH GEORGIA, N.A. v. PERRY.
(505 SE2d 230)

BLACKBURN, Judge.

Plaintiff SunTrust Bank, South Georgia, N.A. appeals the denial of its motion for default judgment, contending that the trial court erred in allowing defendant Diane Perry to open her default.

On July 21, 1997, SunTrust filed a complaint against Perry and others. The complaint sought to hold Perry liable, under several theories, for damages suffered by SunTrust as a result of a dishonored check that had been endorsed by Perry. Perry was served with the complaint on July 22, 1997, but did not file an answer within the 30-day period required by law. On September 5, 1997, the last day to open default as a matter of right, Perry filed an answer, but did not pay costs as required by OCGA § 9-11-55 (a).

SunTrust filed a motion for default judgment on October 7, 1997, arguing that Perry had not properly opened her default. On December 8, 1997, Perry filed a motion to open default. Following a hearing on January 6, 1998, the trial court entered an order granting Perry's motion to open default and denying SunTrust's motion for default judgment.

Upon the payment of costs, a prejudgment default may be opened under OCGA § 9-11-55 (b) on one of three grounds if four conditions are met. "The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the 'showing' required by this Code section to be made 'under oath' includes the showing of a 'meritorious defense.' Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default. . . . *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990). The sole function of an appellate court reviewing a trial court's [grant or] denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case. *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223, 224 (1) (438 SE2d 686) (1993)." (Punctuation omit-

ted.) *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997).

SunTrust contends that the trial court lacked discretion to open the default because Perry had not paid costs before the hearing on the motion. It is true that a condition precedent to the opening of a default under OCGA § 9-11-55 (b) is the payment of costs before the trial court rules on the motion. See *McCracken v. City of College Park*, 259 Ga. 490, 491 (1) (384 SE2d 648) (1989); *Copeland v. Carter*, 247 Ga. 542 (1) (277 SE2d 500) (1981). In this case, however, the record reflects that Perry's attorney attempted to pay costs before the hearing, but that the clerk refused to accept the proffered check or cash pursuant to instructions from the trial court. Under these circumstances, we cannot say that the trial court erred in finding that this condition precedent was satisfied.

However, the trial court lacked discretion to open the default because Perry failed to satisfy another condition precedent, the showing under oath of a meritorious defense. See *Stewart*, supra (meritorious defense is one of the showings that must be made under oath). Perry filed an answer denying liability on September 5, 1997. Although this answer would otherwise constitute a showing of a meritorious defense, the answer was not made under oath. Perry attached to the answer a verification page stating that the allegations in the answer were true to the best of her knowledge. However, this purported verification does not contain the signature of a notary or any other indication that it was made under oath. In the absence of a valid jurat, the purported verification is without effect as an affidavit. See *Schmidt v. Feldman*, 230 Ga. App. 500, 501 (1) (497 SE2d 23) (1998) (valid affidavit requires presence of notary to administer oath and witness affiant's signature; a writing in the form of an affidavit has no force or validity in the absence of a valid jurat).

The showing of a meritorious defense is one of the showings which must be made under oath, and is a condition precedent to the opening of a default. In the absence of such a showing under oath, the trial court has no discretion to open the default. Because Perry failed to satisfy this condition precedent, the trial court erred in granting Perry's motion to open default and in denying SunTrust's motion for default judgment. As the issue of damages has not been raised by the parties, we do not consider whether any or all of the claims against Perry constitute claims for liquidated damages, but leave that issue for the trial court on remand.

*Judgment reversed and remanded. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 30, 1998.

*Gardner, Willis, Sweat & Goldsmith, Todd S. Handelman,* for appellant.

*Diane L. Perry,* pro se.

*David E. Perry,* for appellee.