### A98A1653. PATEL v. GUPTA.
(507 SE2d 763)

RUFFIN, Judge.

Narinda Gupta sued Vasant Patel and Kirit Patel for fraud and breach of contract arising out of the sale of a convenience store. Vasant Patel failed to answer and now appeals the trial court's denial

of his motion to open default.[1] For reasons which follow, we vacate the order denying Patel's motion and remand this case to the trial court.

The record shows that one of Gupta's associates provided Patel with an unsigned "Complaint for Damages" that was not filed with the court during the first week of November 1997. On November 19, 1997, a sheriff served Patel with a complaint that was filed with the clerk's office earlier that day. On November 20, 1997, Patel left the country for a trip to India which was scheduled to last until January 16, 1998. Patel claims that Gupta was aware of his planned trip. Patel did not take steps to answer the complaint because he thought it was merely another threat and did not realize it was a "real lawsuit." Patel, a native of India, also asserts that he has "extreme problems speaking English and more problematic is actually understanding English." [sic]

Gupta filed a motion for entry of final judgment on January 14, 1998. On January 28, 1998, Gupta approached Patel and told him that he owed Gupta $170,000 because Patel was in default. Patel consulted an attorney the next day and filed a motion to open his default on January 30, 1998. Patel paid the costs of the lawsuit and submitted an affidavit in support of his motion. He also verified under oath the facts contained in his motion and supporting brief. In these pleadings, Patel offered to plead instanter and announced ready for trial. He also asserted facts in support of his defenses to the complaint.

The trial court granted Gupta's motion for entry of judgment and denied Patel's motion to open the default. In its order, the trial court stated: "The Court has some discretion in opening default when a Defendant has neglected to answer a Complaint filed against him and offers a plausible excuse. A default, prior to judgment, may be opened if the Defendant has made out an extremely good case for excusable neglect. *Cobb County Fair Assoc. v. Boyle*, 143 Ga. App. 754. . . . We are not convinced today that there is excusable neglect on the part of Defendants." Patel appeals, asserting that (1) the trial court improperly imposed a heightened standard for opening default and (2) the trial court abused its discretion when it denied the motion to open his default.

1. OCGA § 9-11-55 (b) provides that "[a]t any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings *or* for excusable neglect *or* where the judge, from all the facts, shall determine that a proper case has been

---

[1] Gupta's claims against Kirit Patel are not a part of this appeal.

made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." (Emphasis supplied.)

" 'The question of whether to open a default *on one of the three grounds* rests within the discretion of the trial judge. The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law.' " (Emphasis supplied.) *Ryles v. First Oglethorpe Co.*, 213 Ga. App. 327, 328 (1) (444 SE2d 578) (1994).

In this case, the record shows that the trial court apparently considered only one of the three grounds for opening default, excusable neglect. Moreover, the trial court required Patel to make out "an extremely good case for excusable neglect." This is not the correct standard. For purposes of OCGA § 9-11-55 (b), " '[e]xcusable neglect has been defined as referring to where there is a *reasonable excuse* for failing to answer.' [Cit.]" (Emphasis in original.) *Spikes v. Holloway*, 212 Ga. App. 653, 655 (442 SE2d 471) (1994).

It is well-settled that a statute which confers discretion upon a judge to decide a particular question also imposes a correlative duty to exercise that discretion when the occasion arises. *Harrington v. Frye*, 116 Ga. App. 755, 756 (159 SE2d 84) (1967); *American Liberty Ins. Co. v. Sanders*, 120 Ga. App. 202, 210 (3) (170 SE2d 249) (1969), rev'd on other grounds, *Sanders v. American Liberty Ins. Co.*, 225 Ga. 796 (171 SE2d 539) (1969). " '[I]f the appellate court is unable to ascertain whether the (lower) court has exercised its discretion, the appropriate course for the appellate court . . . is to vacate the judgment and remand the case to the (lower) court for further proceedings consistent with its statutory duty.' [Cit.]" *Padilla v. Melendez*, 228 Ga. App. 460, 463 (2) (491 SE2d 905) (1997). See also *Mathes v. Mathes*, 267 Ga. 845, 846 (483 SE2d 573) (1997). In this case, it appears the trial court may not have properly exercised its discretion because it imposed a more stringent standard for showing excusable neglect and did not analyze the other two grounds for opening a default. As a result, we vacate the trial court's order denying Patel's motion to open default and remand this case so that the trial court may, in accordance with this opinion, exercise its discretion and enter a new order. See *Padilla*, supra; *Mathes*, supra.

2. Patel's remaining enumeration of error is rendered moot by our holding in Division 1.

*Judgment vacated and case remanded. Pope, P. J., and Beasley, J., concur.*

DECIDED AUGUST 21, 1998 —
RECONSIDERATION DENIED SEPTEMBER 18, 1998.

*Wade C. Hoyt III*, for appellant.
*James A. Robbins, Jr., Weldon T. Haygood, Jr.*, for appellee.