## A00A0266. RAPID TAXI COMPANY v. BROUGHTON.
### (535 SE2d 780)

RUFFIN, Judge.

Rapid Taxi Company appeals the trial court's denial of its motion to set aside a default judgment. Because the trial court erroneously concluded that Rapid Taxi's motion was untimely, we reverse and remand.

James Broughton sued Rapid Taxi for injuries sustained in a collision involving a Rapid Taxi cab. Rapid Taxi answered, alleging that it was not liable for the acts of the driver, who was not its employee or agent. When the case came up for trial, Broughton sought a continuance on the ground that his treating physician was not available. After the trial court denied the motion for a continuance, Broughton dismissed the action without prejudice.

On March 31, 1997, Broughton refiled his complaint against Rapid Taxi, and the matter was assigned a new case number. On April 2, 1997, the complaint and summons were served on Rapid Taxi. Rapid Taxi, however, failed to file a timely answer. On May 22, 1997, more than 45 days after the refiling of the complaint, Broughton filed a motion for a default judgment. On May 27, 1997, the trial court granted Broughton's motion. The trial court's order, which is styled "Default Judgment," provided that "Plaintiff's motion be GRANTED and JUDGMENT be entered against the Defendant, Rapid Taxi Company, Inc., on the issue of liability." The order further provided that the case "be placed on the next available jury trial calendar for trial on the issue of damages."

On June 2, 1997, Rapid Taxi filed a motion to set aside the default pursuant to OCGA § 9-11-55 (b). It also filed a proposed answer and paid court costs. Attached to Rapid Taxi's motion was the affidavit of Larene Brown LaSonde, a paralegal in the office of Rapid Taxi's counsel. According to LaSonde, Rapid Taxi promptly forwarded the summons and refiled complaint to counsel's office, but she inadvertently misfiled them, so counsel never saw them and did not file an answer.

The trial court denied Rapid Taxi's motion on the ground that it was untimely. According to the trial court, the motion was moot because it was filed four days after the order entering the default judgment against Rapid Taxi.[1] The trial court did not consider the merits of the motion, and it denied Rapid Taxi's motion for reconsideration.

A trial was held on the issue of damages only, and the jury awarded $40,000 to Broughton. The trial court then entered an order

---

[1] Actually, the motion to set aside the default was filed five days after the entry of the order styled "Default Judgment."

directing that "judgment is awarded in favor of Plaintiff and against Defendant."

1. In its first enumeration of error, Rapid Taxi contends that the trial court erred by refusing to consider the merits of its motion to set aside the default. We agree.

Under OCGA § 9-11-55 (b),

> [a]t any time before *final judgment*, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court.[2]

Once a final judgment has been entered, however, this Code section no longer applies, and a party seeking to set aside a default judgment must satisfy the more stringent criteria set forth in OCGA § 9-11-60.[3] Here, the trial court apparently concluded that its May 27 "Default Judgment" entered against Rapid Taxi was a "final judgment," and that Rapid Taxi's subsequent motion was therefore untimely. But a judgment is not final unless "it disposes of the entire controversy, leaving nothing for the trial court to do in the case."[4] The trial court's "Default Judgment" did not dispose of the entire controversy; it merely decided the issue of liability. And, rather than leaving nothing for the trial court to do, the "Default Judgment" directed that the case be placed on the next available jury trial calendar. The interim "Default Judgment" was therefore not a final order. It follows that Rapid Taxi's motion to set aside the default was timely.[5]

2. Broughton argues that we must affirm the trial court's ruling for a different reason — i.e., because Rapid Taxi failed to satisfy the prerequisites for setting aside a default. Since we affirm a ruling if it is right for any reason,[6] we must consider this argument.

Before the trial court may exercise its discretion to open a default under OCGA § 9-11-55 (b), the defendant must (1) make a

---

[2] (Emphasis supplied.)

[3] *Smithson v. Harry Norman, Inc.*, 192 Ga. App. 796 (1) (386 SE2d 546) (1989); *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583) (1983).

[4] (Punctuation omitted.) *Atlanta J's v. Houston Foods*, 237 Ga. App. 415, 418 (2) (514 SE2d 216) (1999); see also *Vangoosen v. Bohannon*, 236 Ga. App. 361, 363 (2) (511 SE2d 925) (1999) (order that "leaves the case pending in the trial court" is not a final judgment).

[5] See *Cryomedics v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) (1986) (trial court's entry of default judgment on issue of liability in personal injury action was not "final judgment" under OCGA § 9-11-55 (b), even though court denominated it as such).

[6] See *Brown v. Walton Elec. Membership Corp.*, 238 Ga. App. 347, 350 (2) (518 SE2d 727) (1999).

showing under oath; (2) offer to plead instanter; (3) announce readiness to proceed to trial; and (4) set up a meritorious defense.[7] Broughton contends that Rapid Taxi failed to satisfy the first and fourth prerequisites and that the trial court therefore had no discretion to consider the merits of its motion. Specifically, Broughton argues that Rapid Taxi's meritorious defense was not stated under oath and was not set forth in sufficient detail. We disagree.

We have held that one of the showings that must be made "under oath" is the existence of a meritorious defense.[8] According to Broughton, Rapid Taxi did not meet this requirement because its answer was not verified. Broughton cites *SunTrust Bank &c. v. Perry*, where the defendant filed an answer denying liability, but the answer was not properly verified. We held that the trial court lacked discretion to open the default because the defendant's showing of a meritorious defense was not made under oath.[9] We did not hold, however, that the *only* way a defendant can show a meritorious defense under oath is by filing a verified complaint. Here, Rapid Taxi satisfied the prequisite by attaching to its motion an affidavit proper in form that effectively incorporated the allegation in the motion that Rapid Taxi was not liable.[10]

We have also held that a mere averment that meritorious defenses exist is insufficient.[11] Here, however, Rapid Taxi stated that it was not liable because the driver of the automobile was an independent contractor, not an employee. This was adequate detail.

"It is well-settled that a statute which confers discretion upon a judge to decide a particular question also imposes a correlative duty to exercise that discretion when the occasion arises."[12] Because Rapid Taxi satisfied the prerequisites of OCGA § 9-11-55 (b), we reverse and remand for the trial court to exercise its discretion and to consider the merits of Rapid Taxi's motion to set aside the default.[13]

3. In view of our holdings in Divisions 1 and 2, we need not

---

[7] *SunTrust Bank &c. v. Perry*, 233 Ga. App. 701 (505 SE2d 230) (1998).

[8] (Punctuation omitted.) Id.

[9] Id. at 702.

[10] See *Grayson & Hollingsworth, Inc. v. C. Henning Studios*, 194 Ga. App. 531, 532-533 (391 SE2d 8) (1990) (contemplating that affidavit submitted in support of motion to open default would satisfy the "meritorious defense 'under oath' " requirement if it had disclosed defenses); see also *Boynton v. State Farm &c. Ins. Co.*, 207 Ga. App. 756 (1) (429 SE2d 304) (1993) ("The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations.") (punctuation omitted) (physical precedent only).

[11] See *Ga. Hwy. Express Co. v. Do-All Chem. Co.*, 118 Ga. App. 736 (165 SE2d 429) (1968); *Coleman v. Dairyland Ins. Co.*, 130 Ga. App. 228, 229-230 (202 SE2d 698) (1973).

[12] *Patel v. Gupta*, 234 Ga. App. 441, 443 (1) (507 SE2d 763) (1998).

[13] Rapid Taxi urges us to simply grant the motion. Our function, however, is to correct the errors of the trial court, not to perform that court's duties. See id. (remanding to trial court to exercise its discretion under OCGA § 9-11-55 (b)).

address Rapid Taxi's other enumeration of error.

*Judgment reversed and remanded. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2000.

*Sidney L. Moore, Jr.,* for appellant.

*Freedman & Sinowski, Thomas C. Sinowski, Thomas P. deRosay,* for appellee.