A02A0534. BOGGS RURAL LIFE CENTER, INC. v. IOS CAPITAL, INC.
(567 SE2d 94)

BARNES, Judge.

IOS Capital, Inc. sued Boggs Rural Life Center, Inc. on account, seeking accrued rent and accelerated rent on a copier in the amount of $25,819.74, plus additional interest, attorney fees, and costs. Boggs' registered agent was served on May 1, 2001, but the nonprofit organization failed to answer the complaint. Boggs moved to open the default on September 5, 2001, but the trial court entered judgment against it on September 10, 2001. Boggs argues on appeal that the trial court erred in failing to rule on its motion to open the default before entering judgment against it. We agree and therefore reverse and remand.

Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds: providential cause, excusable neglect, or a proper case. The statute

> conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made," etc.

*Axelroad v. Preston*, 232 Ga. 836, 837 (1) (209 SE2d 178) (1974). The "proper case" ground "is broader than the other two. Its essence is the discretion of the trial judge." *Houston v. Lowes of Savannah*, 136 Ga. App. 781, 782 (1) (222 SE2d 209) (1975).

The defendant must meet four conditions before the trial court may consider whether it met any of these three grounds. It must (1) make a showing under oath; (2) offer to plead immediately; (3) announce ready for trial; and (4) set up a meritorious defense. Boggs met the first requirement, a showing under oath, by filing the affidavit of one of its directors setting out both the reasons for the default

and the company's meritorious defense. *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 429 (2) (535 SE2d 780) (2000). It offered to plead immediately, attaching a copy of its proposed answer to the motion, tendered court costs, and announced ready for trial. Finally, it raised a meritorious defense "by showing that if relief from default is granted, the outcome of the suit may be different from the result if the default stands." *Exxon Corp. v. Thomason*, 269 Ga. 761 (1) (504 SE2d 676) (1998).

A statute that confers discretion on a judge to decide a particular question "also imposes a correlative duty to exercise that discretion when the occasion arises." *Patel v. Gupta*, 234 Ga. App. 441, 443 (507 SE2d 763) (1998). We have remanded for the exercise of that discretion in situations when, for example, a trial court determined, incorrectly, that a default judgment as to liability was a final order that could only be set aside under OCGA § 9-11-60. *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 338 (349 SE2d 223) (1986); *Daniell v. Heyn*, 169 Ga. App. 772, 773 (1) (315 SE2d 284) (1984). Similarly, we remand this case to the trial court for a valid exercise of the judge's discretion.

IOS Capital contends that Boggs should have moved to set aside a default judgment under the stricter requirements of OCGA § 9-11-60 instead of moving to open the default under OCGA § 9-11-55 (b), because the judgment was entered when it was signed on August 9, 2001. That is not the law, however. "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as provided in this subsection." OCGA § 9-11-58 (b). Therefore, no default judgment had been entered in this case before Boggs properly moved to open the default pursuant to OCGA § 9-11-55 (b).

The judgment is reversed and the case is remanded with direction to the trial court to exercise its discretion in considering Boggs' motion to open the default.

*Judgment reversed and case remanded with direction. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 17, 2002.

*Sutherland, Asbill & Brennan, Charles T. Lester, Jr., Valerie S. Sanders*, for appellant.

*David G. Crockett*, for appellee.