**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 6, 2013**

# In the Court of Appeals of Georgia

A13A1113. BRAZELL et al. v. J. K. BOATWRIGHT & CO. P.C.

BARNES, Presiding Judge.

Joseph Brazell and Joanne Brazell appeal from the order of the trial court entering a default judgment in favor of J. K. Boatwright and Company, P.C. ("Boatwright") and awarding damages of $20,265 in principal and $15,793.88 in interest to Boatwright. On appeal, the Brazells contend that the trial court abused its discretion in granting Boatwright's motion for default judgment and in denying their motion to open the default. Upon our review, we affirm.

Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. The question of whether to open a

default on one of the three grounds noted above rests within the discretion of the trial judge. The sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case.

(Citations and punctuation omitted.) *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999).

The case arose from Boatwright's October 14, 2011 suit to collect monies owed from West Georgia Collection Bureau, LLC, a purportedly administratively-dissolved company owned by the Brazells. The Brazells' acknowledgment of service was filed on November 8, 2011, but the Brazells did not file their answer until December 19, 2011. In their answer, they asserted the affirmative defenses of laches and unclean hands Boatwright filed a motion for default judgment on February 10, 2012 in which it asserted that the Brazells were in default as of December 9, 2011, the date their answer should have been filed pursuant to OCGA § 9-11-12 (a). It further asserted that, although the Brazells had later filed their answer, they had not paid court costs as required by OCGA § 9-11-55 (a) to permit opening of the default as a matter of right, and were in absolute default. On March 12, 2012, the Brazells filed a response

to the motion for default judgment and a motion to open the default, in which they alleged that Boatwright had failed to serve West Georgia Collection Bureau as a necessary party, and that the delay in filing their answer was a result of ongoing settlement negotiations. The Brazells also tendered the court costs at that time.

On July 11, 2012, a hearing was held on the motion. The transcript is not included with the record, but subsequently, on August 6, 2012, the Brazells filed an amended answer with a signed verification and a supplemental response to their motion to open the default.. In their response, the Brazells maintained that their verified amended answer related back to the filing of the original pleading answer to OCGA § 9-11-15 (c), and that the failure to verify their original answer was an amendable defect.

On August 27, 2012, the trial court entered an order denying the Brazells' motion to open the default judgment. The trial court held that it was without discretion to open the default because the Brazells had failed to comply with two of the four conditions precedent set forth in OCGA § 9-11-55 (b). Specifically, the court found that the Brazells' "showing [was] not made under oath and the [Brazells] did not correctly announce ready for trial." The trial court acknowledged that the Brazells

3

had announced ready for trial in their motion to open default, but were not, in fact, ready because they had not replied to any of the discovery requests.

On appeal, although the Brazells contend that the trial court erred in denying their motion to open the default because, among other things, failure to verify pleadings is an amendable defect, they had acted with reasonable promptness, and alleged an meritorious defense, the Brazells have not demonstrated that the four conditions precedent were complied with as provided in OCGA § 9-11-55 (b). "While generally the opening of a default rests within the sound discretion of the trial court, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default."(Citation and punctuation omitted.) *Roberson v. Gnann*, 235 Ga. App. 112, 115 (4) (508 SE2d 480) (1998).

Pretermitting whether the trial court erred in finding that the Brazells announcement of ready to proceed was insufficient to show their actual readiness for trial because they had not completed discovery, the Brazells also failed to satisfy the first condition precedent of a showing made under oath. It is undisputed that the Brazells motion to open default was not made under oath. Moreover, although their amended answer was verified, in it they merely claimed that "they have good and meritorious defenses to the claims set forth in [Boatwright's] Complaint." A merely

4

conclusory statement cannot constitute a showing under oath pursuant to OCGA § 9-11-55 (b). *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997)*; see Ragan v. Smith*, 188 Ga. App. 770, 772 (3) (374 SE2d 559) (1988) (the "showing' required by this Code section to be made 'under oath' includes the showing of a 'meritorious defense.'")

In the absence of such a showing under oath, the trial court has no discretion to open the default. *Ga. Kidney & Hypertension Specialists v. Fresenius USA Mktg*, 291 Ga. App. 429, 431 (2) (662 SE2d 245) (2008), overruled on other grounds, *Mayor &c. of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 119 (1) (728 SE2d 189) (2012); compare *Boggs Rural Life Center v. IOS Capital*, 255 Ga. App. 847, 848 (567 SE2d 94) (2002) (appellant met the first requirement of a showing under oath by filing the affidavit of one of its directors setting out the reasons for the default and its meritorious defense.)

Accordingly, as the Brazells failed to meet all of the conditions precedent to the trial court's exercise of its discretion to open the default, the trial court did not err in refusing to do so.

*Judgment affirmed. Miller and Ray, JJ., concur.*

5