**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 14, 2017**

# In the Court of Appeals of Georgia

A16A1566. WILLIAMS et al. v. HSBC MORTGAGE SERVICES, INC.

SELF, Judge.

In this case involving an action to quiet title, see OCGA § 23-3-42, Joann and Edward Williams appeal from the trial court's order granting summary judgment in favor of HSBC Mortgage Services, Inc. ("HSBC"). They assert that the trial court erred in the following ways: (1) granting HSBC's motion to open default; and (2) "granting summary judgment by improperly resolving disputed issues of material facts and applying the incorrect law." For the reasons explained below, we reverse the trial court's order allowing HSBC to open its default.

1. The Williams argue that the trial court should not have granted the motion to open the default because HSBC failed to set forth sufficient facts showing a

meritorious defense under oath. In support of this argument, the Williams point out that the affidavits submitted in support of HSBC's motion to open its default addressed only the issue of excusable neglect, that HSBC's answer did not allege sufficient facts to support a meritorious defense, and that the verification attached to HSBC's answer was not notarized.

"Generally, the opening of a default rests within the sound discretion of the trial court. [Cit.]" *C. W. Matthews Contractor Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990). But in the absence of the preconditions for opening a default set forth by the General Assembly in OCGA § 9-11-55 (b), "the trial judge has no discretion to open the default." (Citations and punctuation omitted.) Id.

> Upon the payment of costs, a prejudgment default may be opened under OCGA § 9-11-55 (b) on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the "showing" required by this Code section to be made "under oath" includes the showing of a "meritorious defense."

(Citation and punctuation omitted.) *Suntrust Bank v. Perry*, 233 Ga. App. 701 (505 SE2d 230) (1998).

2

In this case, the Williams are correct that the affidavits submitted in support of HSBC's motion to open its default address only the ground of excusable neglect and contain no facts establishing a meritorious defense. And while HSBC asserts that its verified answer satisfied the meritorious defense precondition, the verification "does not contain the signature of a notary or any other indication that it was made under oath. In the absence of a valid jurat, the purported verification is without effect as an affidavit. [Cit.]" Id. at 702. See also OCGA § 9-10-113 (governing sufficiency of verification for affidavits and answers). Accordingly, we do not reach the question of whether HSBC's answer alleged sufficient facts setting up a meritorious defense.

As there are no other statements under oath relating to HSBC's defenses in the record, we must conclude that the trial court erred in granting its motion to open default. *Wilcher v. Smith*, 256 Ga. App. 427, 428-429 (568 SE2d 589) (2002).[1]

---

[1] In so holding, we note that the plaintiffs are not entitled to the equitable relief sought until the trial court determines "that, admitting every allegation in the petition as true, the plaintiff is entitled to the relief sought." *Times-Journal v. Jonquil Broadcasting Co.*, 226 Ga. 673, 676 (2) (177 SE2d 64) (1970). "Although a default operates as an admission of the well-pled factual allegations of the complaint, it does not admit allegations not well pled, forced inferences, or conclusions of law." (Citation, punctuation and footnote omitted.) *Standridge v. Spillers*, 263 Ga. App. 401, 404 (2) (587 SE2d 862) (2003).

2. In their remaining enumeration of error, the Williams claim that the trial court erred by granting summary judgment in favor of HSBC on their claim that HSBC's security interest in their real property was extinguished by accord and satisfaction. Based upon our holding in Division 1, this enumeration of error is rendered moot and we express no opinion about the merits of the trial court's summary judgment order.

*Judgment reversed. Barnes, P. J., and Rickman, J., concur.*