# Court of Appeals
# of the State of Georgia

ATLANTA, February 24, 2021

*The Court of Appeals hereby passes the following order:*

## A21D0206. ROGERS L. HICKS v. CHUCK CLAY et al.

Rogers L. Hicks filed an action against Chuck Clay and Associates, LLC, Charles Clay, Piasta Newbern and Walker, LLC ("PNW"), and Pissarro Wright for tort, breach of contract and other claims. Wright filed a motion for default judgment on his counterclaim against Hicks and requested a trial on the issue of damages on the counterclaim. The trial court granted Wright's motion, but left the damages issue unresolved. PNW also filed a motion for entry of default judgment on its counterclaim against Hicks and requested a hearing on damages on its counterclaim. Hicks then filed a "Motion for Relief from Default Judgment on Counterclaim Granted to Defendant," alleging that he did not receive notice of the court's order requiring him to answer the counterclaim. The court entered an order granting PNW's motion for default judgment on its counterclaim and denying Hicks's motion for relief from the default judgment on the counterclaim, apparently without holding a trial on or resolving the issue of damages sought on the counterclaims. Hicks filed this application for discretionary appeal from that order.

It is incumbent upon an appellate court to inquire into its jurisdiction. *Todd v. Todd*, 287 Ga. 250, 250 (1) (703 SE2d 597) (2010). Hicks filed an application for discretionary appeal in this case, but the judgment at issue is not one of the rulings subject to a discretionary appeal application. See OCGA § 5-6-35 (a).[1]

---

[1] Notably, OCGA § 5-6-35 (a) (8) requires the filing of an application for discretionary appeal from an order denying a motion to set aside a judgment brought under OCGA § 9-11-60 (d), but Hicks's motion for relief from the judgment was

Nor is the judgment directly appealable under OCGA § 5-6-34 (a). The entry of default is not a final ruling if the issue of damages remains pending in the trial court. See *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000) (judgment is not final unless it disposes of the entire case, leaving nothing for the trial court to do); *Holloway v. McMichael*, 151 Ga. App. 802, 802 (261 SE2d 747) (1979) (case not final where issue of damages reserved). Based on the limited materials filed with the application, it appears that the issue of damages on the counterclaims remains pending below. And while an appellant has a right to file a direct appeal from a *final* judgment denying a motion to set aside a judgment made pursuant to OCGA § 9-11-60 (g), it appears that no final judgment has been entered in this case. See generally *Smithson v. Harry Norman*, 192 Ga. App. 796, 796 (1) (386 SE2d 546) (1989). It was Hicks's burden, as applicant, to provide sufficient materials to show that the judgment at issue is final and that this Court has jurisdiction. See generally Court of Appeals Rule 31 (f); *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989).

Under the circumstances, Hicks was required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Because Hicks failed to do so, we lack jurisdiction to consider this appeal. Accordingly, the appeal is hereby DISMISSED. See *Holloway*, 151 Ga. App. at 803.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/24/2021
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ Stephen E. Castlen _____ , *Clerk.*

filed pursuant to OCGA § 9-11-60 (g) (involving relief from judgments due to clerical errors).