# Court of Appeals
# of the State of Georgia

ATLANTA,  June 01, 2021

*The Court of Appeals hereby passes the following order:*

## A21D0324. ROGER L. HICKS  v. CHUCK CLAY AND ASSOCIATES, LLC, et al.

This is Roger L. Hicks's sixth appearance in this Court. Hicks initially sought discretionary review of the denial of his lien for attorney's fees in a wrongful death action he filed on behalf of Pissarro Wright and Christina Hicks against the Metropolitan Atlanta Rapid Transit Authority. We denied his application. See Case No. A19D0495, denied June 26, 2019. Subsequent thereto, the trial court entered an order granting the plaintiffs attorney fees and expenses against Hicks. We dismissed Hicks's three attempts to challenge the order awarding fees.[1]

Hicks filed the instant action against Chuck Clay and Associates, LLC, Chuck Clay, Piasta Newborn and Walker, LLC ("PNW"),[2] and Pissarro Wright for tort, breach of contract and other claims. Wright and PNW responded by filing a counterclaim against Hicks. After Hicks failed to file an answer to the counterclaim, the trial court granted Wright's and PNW's motions for default judgment against Hicks and denied Hicks's motion for relief of default judgment, alleging that he did not receive notice of the trial court's order requiring him to answer the counterclaim.

---

[1]  See Case No. A21D0119, dismissed Dec. 10, 2020 (untimely filed application); A21A1077, dismissed Mar. 17, 2021 (failure to follow discretionary appeal procedures); See Case A21D0235, dismissed Mar. 17, 2021 (untimely filed application).

[2] In the wrongful death action, Hicks retained Chuck Clay to serve as lead counsel, and Newborn, who handled the case for Chuck Clay and Associates, was allowed to take the case with him when he formed his firm, PNW.

The issue of damages remained pending. Hicks filed an application for discretionary appeal from the trial court's order, which we dismissed on the ground that Hicks was required to comply with the interlocutory appeal procedures. See Case No. A21D0206, dismissed February 24, 2021. Thereafter, Hicks filed two motions for protective orders, a motion for reconsideration of the order denying his motion to open default, and a motion to set aside the default judgment. The trial court denied his motions in a single order, noting again that no final judgment had been issued in the case. Hicks filed the instant application. Again, we lack jurisdiction.

The trial court's rulings on Hicks's motions for protective orders regarding discovery are not final orders under OCGA § 5-6-34 (a) as the case remains pending below. See *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 78-82 (485 SE2d 525) (1997) (noting that discovery orders generally are interlocutory and therefore not appealable as final judgments, nor are they appealable as collateral orders); *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). In order to appeal those orders, Hicks was required to comply with the interlocutory appeal procedures, including obtaining a certificate of immediate review. OCGA § 5-6-34 (b).

Similarly, the orders denying the motion to reconsider the denial of Hicks's motion to open default, as well as the motion to set aside the default are not final rulings. And while an appellant has a right to file a direct appeal from a final judgment denying a motion to set aside a judgment alleging clerical mistakes pursuant to OCGA § 9-11-60 (g), no final judgment has been entered in this case. See generally *Smithson v. Harry Norman*, 192 Ga. App. 796, 796 (1) (386 SE2d 546) (1989) (since appellant moved to open default before the entry of judgment, OCGA 9-11-60 was inapplicable). See *Mayor & Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994) ("an order denying a motion for reconsideration is an interlocutory order that . . . can be the subject of an application for interlocutory appeal if a certificate of immediate review is obtained from the trial

court.) (punctuation omitted).

Under these circumstances, Hicks was required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review of the order he seeks to challenge in this application. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Because Hicks failed to do so, we lack jurisdiction to consider this appeal. Accordingly, the appeal is hereby DISMISSED. See *Holloway v. McMichael*, 151 Ga. App. 802, 803 (261 SE2d 747) (1979).

The respondents request that we impose sanctions against Hicks for filing a frivolous appeal, in accordance with Court of Appeals Rule 7 (e) (2). In Case No. A21D0235, Hicks's third appeal from the imposition of attorney's fees and expenses against him, we cautioned Hicks against filing future frivolous appeals. Hicks has again failed to follow the appropriate procedure. Accordingly, pursuant to Court of Appeals Rule 7(e)(2) he is hereby ordered to pay a penalty of $1,000.00.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*__06/01/2021_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*