# Court of Appeals
# of the State of Georgia

ATLANTA,  June 18, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0167. NANOVENTIONS HOLDINGS, LLC v. STEVEN DANIELS A/K/A STEVEN DANIEL et al.

Plaintiff Nanoventions Holdings, LLC ("Nanoventions") sued its former Chief Financial Officer, Steven Daniels a/k/a Steven Daniel ("Daniels"), as well as Bonnie Hutchinson, BIW Enterprises, LLC ("BIW"), Karen Jacobs, Ronnie Hicks, and multiple other individuals and entities (collectively, "unspecified defendants"). Over the course of the litigation, the trial court dismissed several of the unspecified defendants from the action without prejudice and Nanoventions filed a "Dismissal without prejudice and acknowledgment of service," purporting to dismiss the other unspecified defendants.

The trial court granted summary judgment to Nanoventions on most of its claims against Daniels, and the court subsequently entered a judgment awarding Nanoventions damages against Daniels in the amount of $6,147,729.93. Importantly, however, the trial court denied Nanoventions' request for summary judgment as to its claim for conversion (Count 5), concluding that there were genuine disputes of material fact. In addition, the summary judgment order did not address Nanoventions' claim for unjust enrichment (Count 7). The trial court entered a default judgment against BIW, reserving the issue of damages. The trial court also entered a default judgment against Hutchinson, but ultimately concluded that Nanoventions was not entitled to collect damages from her. And, on February 26, 2020, the trial court entered a "Final Order" granting judgment on the pleadings to Jacobs and Hicks. Nanoventions then filed this direct appeal. We, however, lack jurisdiction because claims remain pending below.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments, that is where the case is no longer pending in the trial court below. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). In determining whether an order is final, we look to its substance rather than its nomenclature. *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003).

The trial court's February 26 order states that it "constitutes a full and final resolution of all claims against all parties in the above-referenced action." Our review of the record reveals, however, that pretermitting the validity of Nanoventions' voluntary dismissal without prejudice, its conversion and unjust enrichment claims remain pending against Daniels. Crucially, the trial court denied Nanoventions' request for summary judgment on the conversion claim, the order awarding damages to Nanoventions against Daniels did not resolve this claim, and the "Final Order" granting judgment on the pleadings to Jacobs and Hicks did not rule on this claim. "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) *Johnson*, 192 Ga. App. at 629. The trial court's order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b), and therefore, it is not a final order. Accordingly, Nanoventions was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b), which it failed to do.

Additionally, although the trial court entered default judgment against BIW as to liability, the court did not resolve the issue of damages. A default judgment as to liability only is not a final ruling if the issue of damages remains pending in the trial court. See *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000) (a judgment is not final unless it disposes of the entire case); *Holloway v. McMichael*, 151 Ga. App. 802, 802-803 (261 SE2d 747) (1979) (a case is not final

where the issue of damages is reserved). For this reason too, Nanoventions was required to comply with the interlocutory appeal procedure and obtain a certificate of immediate review. See OCGA § 5-6-34 (b).

Nanoventions' failure to follow the required appellate procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Pace Constr. Corp. v. Northpark Assocs.*, 215 Ga. App. 438, 439-440 (450 SE2d 828) (1994).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/18/2021

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*