# Court of Appeals
# of the State of Georgia

ATLANTA,  December 27, 2021

*The Court of Appeals hereby passes the following order:*

**A22D0161. FEDERAL EXPRESS CORPORATION et al. v. JARROD K. DENNEY.**

Jarrod K. Denney filed a personal injury lawsuit against Federal Express Corporation ("FedEx"), Enrique I. Jimenez, and One Bonehead Trucking, Inc. ("OBT"). On December 14, 2020, the trial court entered a "Default Judgment" order and a separate "Default Judgment Setting Damages" order against the defendants. In February 2021, the defendants filed a motion to set aside the default judgment and open entry of default or, alternatively, for a new trial. On April 21, 2021, the trial court entered an order vacating the December 14, 2020 default judgment orders. In September 2021, the trial court entered an order which: (1) vacated its April 2021 order vacating the December 14, 2020 default judgment orders, (2) denied the motion to set aside the default judgment as to FedEx and Jimenez, (3) denied the motion to open default as to FedEx and Jimenez, (4) denied the alternative motion for a new trial as to FedEx and Jimenez, and (5) amended the December 14, 2020 default judgment orders to remove OBT as a party to the action. The court explained in its order that it was amending the December 14, 2020 default judgment orders to remove OBT as a party because the parties agreed that service of process was insufficient on OBT, so the court concluded that OBT never became a lawful party defendant in the action. FedEx and Jimenez seek review of the September 2021 order.[1]

Pursuant to OCGA § 5-6-35 (a) (8), a party must follow the discretionary

---

[1] The applicants filed the application in the Supreme Court, which transferred it to this Court. See Case No. S22D0286 (Nov. 17, 2021).

appeal procedure to obtain review of an order denying its OCGA § 9-11-60 (d) motion to set aside. In this case, however, the court's order did more than deny the motion to set aside. It also vacated a previous order and amended and essentially reinstated the default judgment. Moreover, in their discretionary application, the applicants challenge not only the denial of their motion to set aside, but also the default judgment. Because the order amended and essentially reinstated the default judgment, it constituted a new default judgment and is a directly appealable final judgment. See OCGA § 5-6-34 (a) (1); *Smithson v. Harry Norman*, 192 Ga. App. 796, 796 (1) (386 SE2d 546) (1989) (stating that a default judgment is a final and appealable judgment).

We will grant a timely filed application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and the applicants shall have ten days from the date of this order to file a notice of appeal in the trial court. If they have already filed a timely notice of appeal in the trial court, they need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the appeal record transmitted to this Court.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 12/27/2021*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

           *, Clerk.*