**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 29, 2025**

# In the Court of Appeals of Georgia

A25A1171. MATTHEWS v. GIBSON HOLDINGS, LLC.
A25A1206. MATTHEWS v. GIBSON HOLDINGS, LLC.

FULLER, Senior Judge.

General contractor Gibson Holdings, LLC ("Gibson") filed suit against Garfield and Tia Matthews to recover money damages. Garfield and Tia each appeal from the trial court's order granting summary judgment to Gibson. For the reasons that follow, we affirm in Garfield's appeal in Case No. A25A1171 and reverse in Tia's appeal in Case No. A25A1206.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant

judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991). Where, as here, "the party moving for summary judgment is the plaintiff, he must make a prima facie showing that no material issues of fact exist and that he is entitled to judgment as a matter of law before the burden shifts to the defendant to establish a possible defense." *Tselios v. Sarsour*, 341 Ga. App. 471, 473 (800 SE2d 636) (2017).

In November 2023, Gibson filed a complaint for money damages against Garfield and Tia, alleging that the Matthewses owed $100,887.51 for a construction project. Process for both Garfield and Tia was served on Garfield, and Garfield filed a pro se answer, asserting that the renovation was never completed and alleging a counterclaim for $120,000. Tia filed no answer at that time.

Thereafter, Gibson sent to Garfield its initial discovery requests, including requests for admission. As relevant here, Gibson requested Garfield admit that he was indebted to Gibson for $100,887.51 and had made no complaint about the quality of the construction. Garfield did not respond to the discovery requests.

After Garfield failed to respond to its discovery requests, Gibson filed a motion for summary judgment against him, arguing that it was entitled to summary judgment

based on the undisputed evidence. In support, Gibson pointed to Garfield's failure to respond to the requests for admission, as well as an affidavit from its owner averring that Garfield had failed to pay the amount owed. Garfield thereafter filed a pro se response to Gibson's motion for summary judgment.

The same day that it filed the motion for summary judgment against Garfield, Gibson also filed a motion for default judgment against Tia, noting that she had failed to file an answer.[1] On August 6, 2024, the trial court issued an order on the motion for default judgment, indicating that it was treating Gibson's motion for default as a motion for summary judgment and giving Tia 30 days to respond. Tia thereafter filed a pro se answer with exhibits in September 2024. But she filed no response to the motion for summary judgment nor a motion to open default at that time.

Following a hearing in December 2024, the trial court found that Gibson had established a prima facie case as to the Matthewses' liability, both through Garfield's unanswered requests for admission and the averment of Gibson's owner that the Matthewses had failed to pay $100,887.51. The court therefore granted Gibson

---

[1] Tia averred that she and Garfield began divorce proceedings in August 2023 and were estranged at the time Gibson served the complaint to Garfield at their home address, such that she did not learn that she was in default until December 2024.

summary judgment as to both Garfield and Tia and ordered the Matthewses to pay $100,887.51 plus court costs.[2] These appeals follow.[3]

*Case No. A25A1171*

1. On appeal, Garfield contends the trial court erred in granting summary judgment against him because there are genuine issues of material fact as to whether Gibson completed the renovation work and how much money was owed. This argument is not compelling.

In support of his claim, Garfield points to his unsigned response to the motion for summary judgment, in which he alleged that the work was not completed and he only owed $31,000. However, "[s]ummary judgment requires the nonmovant to come forward with evidence that shows a genuine issue of fact exists. Merely relying on the pleadings is insufficient to defeat summary judgment." *Dyess v. Brewton*, 284 Ga. 583, 585 (3) (669 SE2d 145) (2008); see *Tselios*, 341 Ga. App. at 475 (explaining that

---

[2] The court indicated that Gibson could request a trial on its claims for interest and attorney fees.

[3] After the trial court entered its order on summary judgment, Tia filed a motion for reconsideration and motion to open default, and Garfield filed a motion for reconsideration and motion to withdraw his admissions. It appears that these motions are still pending in the trial court.

"unsworn pleadings" do not constitute evidence and cannot be considered in ruling on a motion for summary judgment).

Moreover, by failing to respond to Gibson's requests for admission, Garfield admitted that he made no complaint regarding the construction work and owed Gibson $100,887.51. See OCGA § 9-11-36 (a) (2) (providing that after requests for admission are served, the "matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection"). "Any matter admitted under [OCGA § 9-11-36] is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b). When a party fails to respond to requests for admission and thus admits his indebtedness to the plaintiff, the trial court does not err in granting summary judgment to the plaintiff. See, e.g., *Monolith Companies v. Hunter Douglas Hospitality*, 333 Ga. App. 898, 902 (777 SE2d 726) (2015); *Ikomoni v. Exec. Asset Mgmt.*, 309 Ga. App. 81, 83-84 (1) (709 SE2d 282) (2011). Accordingly, the trial court did not err in granting summary judgment against Garfield.[4]

---

[4] To the extent that Garfield argues on appeal that the trial court should permit him to withdraw his admissions, the trial court has not yet ruled on his motion to

2. In two related claims of error, Tia contends the trial court erred in entering summary judgment against her given the procedural posture of the case. We agree.

Pursuant to OCGA § 9-11-55 (a), "[i]f in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default[.]" Any time before final judgment, the court has discretion to allow the default to be opened if it finds providential cause, excusable neglect, or a proper case. OCGA § 9-11-55 (b). "In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." Id. However, in the absence of the "preconditions for opening a default set forth . . . in OCGA § 9-11-55 (b), the trial judge has no discretion to open the default." *Williams v. HSBC Mtg. Svcs.*, 340 Ga. App. 887, 888 (1) (796 SE2d 923) (2017) (citation and punctuation omitted).

---

withdraw. Accordingly, this claim of error is premature. See generally *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 291 (4) (b) (771 SE2d 1) (2015) ("This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it.") (citation and punctuation omitted).

With respect to Tia, the trial court found that she was in default and had failed to respond to Gibson's motion for summary judgment. If Tia was in default, the proper judgment to be entered was a default judgment pursuant to OCGA § 9-11-55, not summary judgment pursuant to OCGA § 9-11-56. See *Williams v. Heykow, Inc.*, 171 Ga. App. 936, 937 (321 SE2d 431) (1984) (explaining that a motion for summary judgment "is not an appropriate means by which a plaintiff can secure a judgment based upon the defendant's alleged default"); accord *Watson v. Ga. State Dept. of Ed. Credit Union*, 201 Ga. App. 761, 762 (2) (412 SE2d 286) (1991). Accordingly, the trial court erred in entering summary judgment against Tia at this juncture.

*Judgment affirmed in Case No. A25A1171. Judgment reversed in Case No. A25A1206. Dillard, P. J., and Mercier, J., concur.*